STATE, Appellant, vs. FLANAGAN and others, Respondents.

*October 25—November 26, 1946.*

The cause was submitted for the appellant on the brief of the *Attorney General, Warren H. Resh,* assistant attorney general, and *Allan M. Stranz,* district attorney of Forest county, and for the respondents on the brief of *Earl L. Kennedy* of Rhinelander.

FAIRCHILD, J.   Sec. 358.12 (8), Stats., provides that the state may appeal "From rulings and decisions adverse to the state upon all questions of law arising on the trial, with the permission of the presiding judge, *in the same manner and to the same effect as if taken by the defendant.*"   (Italics ours.)

Inasmuch as a defendant cannot appeal from anything less than a final order or judgment, it follows that the state cannot. There was no final order or judgment made by the circuit court in this case, and the order suppressing the evidence is not in itself appealable under sec. 358.12 (8), Stats., therefore, this appeal must be dismissed.

However, because a reasonable doubt exists as to the correctness of the ruling upon important evidence and the trial court's permission to the state to appeal in the matter, in ordering a remand of the record, it may be helpful to counsel to suggest that under the cases of *State v. Witte,* 243 Wis. 423, 10 N. W. (2d) 117, and *State v. McNitt,* 244 Wis. 1, 11 N. W. (2d) 671, the proper procedure is, (1) either prior to or contemporaneous with the entry of a final judgment of acquittal to enter the order of permission to the state to appeal; (2) to avoid discharge of defendants pending the appeal. Under those cases this avoids the constitutional objections to double jeopardy and at the same time furnishes this court with subject matter that is appealable under sec. 358.12 (8), Stats.

*By the Court.*—Appeal dismissed.

RECTOR, J., took no part.