STATE, Respondent, v. WITHERS, Appellant.

*No. State 165. Decided October 30, 1973.*
(Also reported in 211 N. W. 2d 456.)

---

[1] *Commodore v. State* (1967), 33 Wis. 2d 373, 383, 147 N. W. 2d 283; *Collings v. Phillips* (1972), 54 Wis. 2d 204, 211, 212, 194 N. W. 2d 677.

For the appellant, *Joseph K. Kuemmel* and *Donald S. Eisenberg & Associates* of Madison.

For the respondent, *Robert W. Warren,* attorney general, and *Robert D. Martinson,* assistant attorney general.

BEILFUSS, J. The state has moved to dismiss this appeal on the ground that defendant cannot appeal from an order denying a motion to suppress a confession. An order denying a motion to suppress a confession is, in effect, an order denying a motion to suppress evidence. We held that such an order was not appealable by the defendant in *State v. Beals* (1971), 52 Wis. 2d 599, 191 N. W. 2d 221. Defendant contends that because an order suppressing evidence is appealable by the state, the effect of the *Beals* decision is to deny him equal protection of the laws.

Sec. 974.05 (1) (d) 2, Stats., provides that the state may take a writ of error or appeal from any order or judgment which has the substantive effect of suppressing

evidence. Until sec. 974.05 was enacted, the state was not entitled to appeal from an order suppressing evidence. *State v. Flanagan* (1946), 249 Wis. 521, 25 N. W. 2d 111. The committee comment to sec. 974.05 states as follows:

"With one exception, this is former s. 958.12. That exception which is a major change is sub. (1) (d) which permits the state to appeal from an order suppressing evidence, a confession or an arrest warrant. Since these matters normally determine the successful outcome of prosecutions, it is believed the state should be able to take an immediate appeal rather than wasting the time of the court with a hollow trial where the result is preordained by the ruling on the suppression question. For defendant's right in this area, see s. 971.31 (10)." 42A W. S. A., p. 443.

It is clear from the comment that the state is only authorized to review a suppression of the evidence question once. The defendant also has a right to review such a question. However, the defendant does not have this right until a judgment of conviction is entered against him. Then he may appeal and question the failure of the trial court to suppress evidence, even if the conviction is a result of his plea of guilty. Sec. 971.31 (10), Stats.; *State v. Meier* (1973), 60 Wis. 2d 452, 210 N. W. 2d 685. Thus, the question is not whether equal protection is denied because the state is granted a right of appeal which the defendant does not have; rather, the question is whether equal protection is denied because the state may appeal an order suppressing evidence earlier in the proceedings than the defendant may obtain a review of an order refusing to suppress evidence.

We conclude there is a rational basis for the difference in timing. As the comment indicates, an order suppressing evidence may so weaken the state's case so as to make further prosecution ill-advised. The prosecutor

is in the best position to decide whether this is so. In contrast, an order denying a motion to suppress evidence does not determine the guilt of the defendant. The finder of fact may still determine that the evidence does not prove guilt beyond a reasonable doubt and, most importantly, he has the right to appeal before a conviction becomes final. There is no denial of equal protection to the defendant.

*By the Court.*—The appeal is dismissed.