STATE of Wisconsin, Plaintiff-Appellant,

v.

Raymond A. EICHMAN, Defendant-Respondent-Petitioner.

Supreme Court

*No. 88-1754-CR. Argued March 28, 1990.—Decided June 6, 1990.*

(Also reported in 455 N.W.2d 143.)

For the defendant-respondent-petitioner there were briefs and oral argument by *Donna L. Hintze,* assistant state public defender.

For the plaintiff-appellant the cause was argued by *Sharon Ruhly,* assistant attorney general, with whom on the brief was *Donald J. Hanaway,* attorney general.

DAY, J. This is a review of that part of the decision of the court of appeals that summarily reversed, pursuant to sec. (Rule) 809.21, Stats. 1985-86, the order of the circuit court for La Crosse county, the Honorable Michael J. Mulroy, Judge, which denied the State's second motion *in limine* to admit expert testimony by Andrew W. Kane, Ph.D. The first question is whether, as the court of appeals held, the State had the right to appeal, pursuant to sec. 974.05(1)(d)2, Stats., 1985-86. We conclude that the State has the right to appeal pre-trial orders that might normally determine the successful outcome of the prosecution. The second question is whether the circuit court abused its discretion when it denied the State's second pre-trial motion. We conclude that it did. Accordingly, we affirm the decision of the court of appeals and remand the cause to the circuit court for determination of the State's second motion.

Mr. Eichman is charged with four counts of sexual exploitation by a therapist, contrary to sec. 940.22, Stats., 1985-86. An additional count was dismissed by the circuit court for improper venue because the act upon which the count was based occurred in another county. The acts giving rise to the charges took place while Mr. Eichman was employed as "house manager" of H/Our House, an after-care facility of Lutheran Hospital in La Crosse, Wisconsin for persons suffering from alcohol and drug dependency. Mr. Eichman's duties included supervising the house staff to ensure compliance with treatment goals and plans, coordinating activities of the residents, conducting group therapy sessions and counseling individual residents. At the time the acts occurred,

Mr. Eichman had an Alcohol or Other Drug Abuse certification plan on file with the State.

The complaint alleges that Mr. Eichman took advantage of the counselor-patient relationship with one of the residents of H/Our House, A.E., to sexually exploit her on several occasions. Section 940.22, Stats., **Sexual Exploitation by Therapist,** in pertinent part, provides:

> **(1)** . . . In this section: . . . (b) 'Physician' has the meaning designated in s. 448.01(5).
>
> (c) 'Psychologist' means a person who practices psychology, as described in s. 455.01(5) . . ..
>
> (g) 'Sexual contact' has the meaning designated in s. 940.225(5)(b) . . ..
>
> (i) 'Therapist' means a physician, psychologist, social worker, nurse, chemical dependency counselor, member of the clergy or other person, whether or not licensed by the state, who performs or purports to perform psychotherapy.
>
> **(2)** . . . Any person who is or holds himself or herself out to be a therapist and who intentionally has sexual contact with a patient or client during any ongoing therapist-patient or therapist-client relationship, regardless of whether it occurs during any treatment, consultation, interview or examination, is guilty of a Class D felony. Consent is not an issue in an action under this subsection.

Section 455.01(6), Stats. 1985–86, defines "psychotherapy" as follows:

> 'Psychotherapy' means the use of learning, conditioning methods and emotional reactions in a professional relationship to assist persons to modify feel-

ings, attitudes and behaviors which are intellectually, socially or emotionally maladjustive or ineffectual.

The complaint was filed against Mr. Eichman on February 17, 1988. On February 23, 1988, a preliminary examination was held and Mr. Eichman was bound over for trial. On June 17, 1988, the State moved for a continuance on the basis one of its expert witnesses, Dr. Kane, a psychologist, would be unavailable on the date scheduled for trial. The circuit court denied the motion, reasoning that the State failed to show that Dr. Kane's testimony would be relevant or material. The State requested that it be allowed to brief and argue those issues. On July 14, 1988, the State filed a motion *in limine* to admit Dr. Kane's testimony. The State requested that Dr. Kane be permitted to testify with respect to several issues. First, whether in Dr. Kane's opinion Mr. Eichman was acting as a "therapist" during the course of his counseling relationship with A.E., as that term is defined in sec. 940.22(1)(i), Stats. Second, whether in Dr. Kane's opinion Mr. Eichman was performing "psychotherapy," as that term is defined in sec. 455.01(6), Stats. The State also requested that Dr. Kane be permitted to testify without resort to a hypothetical question and to read his report regarding the case into evidence. Mr. Eichman contended in response that what constitutes "psychotherapy" was a question of law because the term was statutorily defined. If the definition of "psychotherapy" in sec. 455.01(6) could not be understood by the "average juror," Mr. Eichman asserted, then the statute was unconstitutionally vague. On August 5, 1988, the circuit court denied the State's motion, reasoning that expert testimony would "invade the province of the jury and court." The circuit court agreed with Mr. Eichman that what constitutes "psychotherapy" was a question of law, and held that the

statutory definition of the term could be understood by the "average juror." The circuit court additionally excluded Dr. Kane's report because excerpts of it evinced his opinion that A.E. was telling the truth regarding the alleged sexual assaults.

On September 2, 1988, the State filed a second motion *in limine* to admit testimony by Dr. Kane. The State contended that the limited testimony it sought to admit in the second motion did not offend the grounds stated by the circuit court in denying the previous motion. The State requested that Dr. Kane be permitted to testify with respect to the significance of the counseling techniques employed by Mr. Eichman, based upon his review of Mr. Eichman's progress reports. The State also requested that Dr. Kane be permitted to testify that he had interviewed A.E. regarding her counseling sessions with Mr. Eichman, and that he recognized Mr. Eichman's use of methods which constituted "psychotherapy" as defined in sec. 455.01(6), Stats. In response to the State's second motion, Mr. Eichman filed a motion to quash, arguing that the second motion was identical to the first. On September 13, 1988, the circuit court granted the motion to quash on the grounds the State's motion raised no new arguments or law.

The State appealed the circuit court's orders of August 5, 1988, and September 13, 1988, pursuant to sec. 974.05(1)(d)2, Stats. The court of appeals summarily affirmed the circuit court's first order, but reversed the second and remanded the case for reconsideration of the State's second motion. The court of appeals held that the circuit court abused its discretion because it denied the State's second motion without a "factual basis" in the record. The court of appeals concluded the State's second motion was not, as the circuit court considered it, identical to the previous motion. Before reaching the

merits, the court of appeals further held that the State could appeal the circuit court's orders as a matter of right, pursuant to sec. 974.05(1)(d)2 and two previous decisions of the court of appeals, *State v. Harris,* 123 Wis. 2d 231, 365 N.W.2d 105 (Ct. App. 1985) and *State v. Wild,* 146 Wis. 2d 18, 429 N.W.2d 922 (Ct. App. 1988), which interpreted that statute. Judge Sundby, in concurrence, agreed that under the interpretation given sec. 974.05(1)(d)2 by *Harris* and *Wild,* the State could appeal from the circuit court's orders as a matter of right. Judge Sundby disagreed, however, that sec. 974.05(1)(d)2 should be interpreted in that manner, and argued that the issue of whether the State could appeal as a matter of right should be certified to this court.

Mr. Eichman petitioned this court for review of that part of the court of appeals' decision which held that the State could appeal as a matter of right and held that the circuit order abused its discretion in denying the State's second motion. We granted review. The State did not seek review of that part of the decision of the court of appeals which affirmed the circuit court's denial of the State's first motion.

We conclude that because the circuit court's orders had the "substantive effect" of suppressing evidence, the State could appeal as a matter of right pursuant to sec. 974.05(1)(d)2, Stats. We further conclude that the circuit court abused its discretion when it denied the State's second motion without a factual basis. Accordingly, we affirm the decision of the court of appeals and remand the cause for determination of the State's second motion.

The State's authority to appeal in criminal cases, as a matter of right, is governed by sec. 974.05, Stats. *State v. Rabe,* 96 Wis. 2d 48, 54, 291 N.W.2d 809 (1980). Prior to the legislature's enacting the statute, the State had no

right to appeal the types of orders delineated there. *State v. Withers,* 61 Wis. 2d 37, 39, 211 N.W.2d 456 (1973). Section 974.05(1)(d)2, Stats., in pertinent part, provides:

**(1)** Within the time period specified by s. 808.04(4) and in the manner provided for civil appeals under chs. 808 and 809, an appeal may be taken by the state from any: . . . (d) Order or judgment the substantive effect of which results in: . . . **(2)** Suppressing evidence . . ..

The interpretation of a statute is a question of law which this court may review without deference to the lower courts. *State v. Sher,* 149 Wis. 2d 1, 8, 437 N.W.2d 878 (1989). The objective in construing a statute is to discern the intent of the legislature, *Green Bay Packaging, Inc. v. ILHR Dept.,* 72 Wis. 2d 26, 35, 240 N.W.2d 422 (1976), and the primary source to be used is the language of the statute itself. *State v. Wittrock,* 119 Wis. 2d 664, 670, 350 N.W.2d 647 (1984). A statute should be construed so as to not render any part of it superfluous, if such construction can be avoided. *State v. McCrossen,* 129 Wis. 2d 277, 298, 385 N.W.2d 161 (1986), *cert. denied,* 479 U.S. 841 (1986).

Though not previously considered by this court, the court of appeals has twice construed that part of sec. 974.05(1)(d)2, Stats., at issue here. In *Harris,* the court of appeals held that the State could appeal as a matter of right from an order excluding from evidence "other wrong acts" committed by the defendant because the order had the "substantive effect" of suppressing evidence. *Id.* at 232. In *Wild,* the court of appeals held that the State could appeal as a matter of right from an order excluding from evidence medical reports which the State failed to timely provide to the defendant. *Id.* at 24–25. In

construing sec. 974.05(1)(d)2 the court of appeals in *Wild* concluded that the phrase "suppressing evidence" was to be interpreted liberally because the phrase had previously been held to permit the State to appeal as a matter of right from orders excluding evidence allegedly obtained in violation of the constitution, statutory procedures, or, citing *Harris* for support, the rules of evidence. *Wild,* 146 Wis. 2d at 24–25. The court of appeals in *Wild* reasoned that the order at issue "suppressed evidence" and could be appealed as a matter of right because it was intended to act as a sanction imposed upon the State, similar to an order suppressing evidence as a result of a constitutional violation. *Id.* at 25. The court of appeals further held that the phrase "the substantive effect" in sec. 974.05(1)(d)2 permitted the State to appeal orders entered on either substantive or procedural grounds. *Id.*

Mr. Eichman concedes that pursuant to the court of appeals' interpretations of sec. 974.05(1)(d)2, Stats., in *Harris* and *Wild,* the State could properly appeal as a matter of right. Mr. Eichman contends, however, that *Harris* and *Wild* interpreted sec. 974.05(1)(d)2 too broadly because in both cases the court of appeals was without the benefit of briefing on the issue by the defendants. Mr. Eichman argues that the plain language of sec. 974.05(1)(d)2 and its legislative history support a restrictive construction of the statute. Section 974.05(1)(d)2 was intended to grant the State rights "complementary" to those granted defendants in sec. 971.31(10), Stats. 1985–86, Mr. Eichman asserts, and because the latter statute grants defendants the right to appeal only suppression orders, the former should be similarly limited. Section 971.31(10), Stats., provides:

> An order denying a motion to suppress evidence or a motion challenging the admissibility of a statement

of a defendant may be reviewed upon appeal from a judgment of conviction notwithstanding the fact that such judgment was entered upon a plea of guilty.

Mr. Eichman contends that the case law interpreting secs. 971.31(10), Stats., and 974.05(1)(d)2, Stats., has construed the two statutes to grant the same rights. Mr. Eichman argues that to construe the statute as the State does would result in a plethora of insignificant appeals involving discretionary rulings. Mr. Eichman asserts that the State's proper remedy was to seek a permissive appeal, pursuant to sec. (Rule) 809.50(1), Stats. 1985–86.

We disagree with Mr. Eichman's contention that the decisions in *Harris* and *Wild* were unconvincing on the issue of whether the State could appeal as a matter of right because the court of appeals was without the benefit of full briefing on the issue by the defendants in those cases. It is the duty of the court to ensure its authority to review an appeal. *Coleman v. Percy,* 96 Wis. 2d 578, 586, 292 N.W.2d 615 (1980). The court of appeals explicitly recognized this duty in *Wild* and extensive consideration was given to the issue, irrespective of whether the defendant fully briefed the issue. *Id.* at 24. Although discussion of the issue was more limited in *Harris, see id.* at 232, we find no reason to conclude that the court of appeals did not give the issue full consideration there as well.

Contrary to *Wild,* however, we agree with Mr. Eichman that there is a distinction, albeit a fine one, between "suppressing" evidence and "excluding" evidence. *See State v. Riekkoff,* 112 Wis. 2d 119, 124–28, 332 N.W.2d 744 (1983). The former generally bars admission of evidence at trial as a result of governmental misconduct, such as a constitutional violation. *See State v. Nelson,* 108 Wis. 2d 698, 702, 324 N.W.2d 292 (Ct. App. 1982).

The latter generally involves only a violation of the rules of evidence. *Id.* We disagree with the court of appeals in *Wild* that the phrase "suppressing evidence" in sec. 974.05(1)(d)2, Stats., should be liberally construed to encompass orders that merely exclude evidence. *See Wild,* 146 Wis. 2d at 24–25. The court of appeals in *Wild* relied upon *Harris* to support its reasoning. *Wild,* 146 Wis. 2d at 25. *Harris,* however, does not stand for that proposition. In *Harris,* the court of appeals held the State could appeal from an order excluding "other wrong acts" evidence only because the order had the "substantive effect" of suppressing evidence. *Id.* at 232. The order in *Harris* was not, as the court of appeals in *Wild* characterized it, an order to suppress evidence.

We disagree with Mr. Eichman, however, that the distinction between suppressing evidence and excluding evidence prohibits the State from appealing here as a matter of right. Section 974.05(1)(d)2, Stats., by its plain language, is broader than sec. 971.31(10), Stats. The latter statute on its face permits a defendant to appeal only from orders denying a motion to suppress evidence or denying a motion challenging the admissibility of a statement by a defendant. The former statute, however, more broadly permits the State to appeal from orders "the substantive effect of which results in suppressing evidence." Considered together with the committee comment to the statute, we construe that phrase to mean the State may appeal as a matter of right any pre-trial order that bars the admission of evidence which might "normally" determine the successful outcome of the prosecution. *See* Comment to sec. 974.05, Stats., 1969 Wis. Laws ch. 255, sec. 63. We disagree with Mr. Eichman that the State's proper remedy in these circumstances is a permissive appeal, pursuant to sec. (Rule) 809.50(1),

Stats. The legislature in granting the State the right to appeal these types of pre-trial orders leaves the decision of whether to appeal to the discretion of the prosecutor, the party "in the best position" to make the determination of their effect.[1] *See Withers,* 61 Wis. 2d at 39–40; *People v. Young,* 82 Ill. 2d 234, 412 N.E.2d 501, 507 (1980).

We recognize that sec. 974.05(1)(d)2, Stats., was intended to grant the State rights "complementary" to those granted defendants in sec. 971.31(10), Stats. *See* Comment to sec. 971.31, 1969 Wis. Laws. ch. 255, sec. 63. But "complementary" does not mean identical. If the legislature intended sec. 974.05(1)(d)2 to afford the State

---

[1] The concurrence asserts that because we leave the decision of whether to appeal to the discretion of the prosecutor, our ruling is tantamount to granting the State the power to appeal all pre-trial orders excluding evidence. We disagree that our decision has that effect. We do not dispute the concurrence's assertion that orders excluding evidence "may or may not be outcome-determinative." The same is true, however, with respect to orders suppressing evidence. Yet a defendant retains the right to appeal, at his or her discretion, even in those circumstances where the evidence which is suppressed is not outcome-determinative. Our decision extends only so far as to grant the State the right to appeal orders excluding evidence that might normally determine the successful outcome of the prosecution. In that instance, an order excluding evidence has the effect of a final order. We recognize that in the circumstances of a particular case, that line may be a difficult one for the State to draw. But the State is in the best position to make that determination, and contrary to the concurrence's apparent belief, we find no reason to conclude the State will not act in good faith and limit the exercise of its right to appeal accordingly. To require the State in such circumstances to seek a permissive appeal, as the concurrence asserts, would inappropriately shift that determination to the discretion of the court of appeals.

precisely the same rights as sec. 971.31(10) grants defendants, the legislature would have used the same language in both statutes. Construing sec. 974.05(1)(d)2 as Mr. Eichman argues would render the phrase "the substantive effect of which results in" suppressing evidence superfluous.[2]

The underlying purpose of sec. 974.05(1)(d)2, Stats., is to avoid the expense of a "hollow" trial caused by a circuit court's excluding evidence which the State substantially relied upon in deciding to prosecute. *See* Comment to sec. 974.05(1)(d)2, 1969 Wis. Laws ch. 255, sec. 63. Construing sec. 974.05(1)(d)2 to grant the State the right to appeal pre-trial orders that exclude evidence that might "normally determine the successful outcome of prosecutions" fully comports with the legislature's intent. *See id.* The legislature's granting the State the right to appeal pre-trial orders that bar the admission of substantial evidence achieves an appropriate balance between the prosecution and defense, and fulfills the legislature's intent to grant each "complementary" rights. *See generally Withers,* 61 Wis. 2d at 39. For example, a defendant, if convicted, may seek post-conviction review of an adverse ruling excluding evidence as a matter of right. The State has no remedy, however, if the defendant is acquitted. By resolving substantial evidentiary concerns prior to trial, sec. 974.05(1)(d)2 equally inures to the benefit of defendants. The State is encouraged to raise significant evidentiary questions prior to trial to avoid delays once trial has commenced. If the appeal culminates in a result adverse to the State, the defendant may well be spared the trauma and expense of a prolonged trial. Excluding certain evidence,

---

[2]The concurrence likewise ignores the statutory language "the substantive effect of which results in" suppressing evidence.

like suppressing certain evidence, may so weaken the State's case that continued prosecution is ill-advised.

Further support for our conclusion that sec. 974.05(1)(d)2, Stats., was intended to grant broader rights than sec. 971.31(10), Stats., is found in the fact that the legislature has not acted in response to the broader construction given the former statute in *Harris* and *Wild.* Legislative inaction following judicial construction of a statute, while not conclusive, evinces legislative approval of the interpretation.[3] *Green Bay Packaging,* 72 Wis. 2d at 35.

Other jurisdictions have construed statutes with substantially similar language to likewise grant the prosecution the right to appeal from orders excluding evidence. *See, e.g., State v. T.W.,* 220 Mont. 280, 715 P.2d 428 (1986); *Young,* 412 N.E.2d 501. In *T.W.,* the Montana Supreme Court held that Mont. Code Ann. sec. 46-20-103 (1989), which provided in pertinent part that the state could "appeal from any court order or judgment the substantive effect of which results in . . . suppressing evidence," permitted the state to appeal from a pre-trial order excluding "other bad acts" evidence. *T.W.,* 715 P.2d at 432. In *Young,* the Illinois Supreme Court construed Ill. Ann. Stat. ch. 110A, para. 604 (Smith-Hurd 1985), which provided in pertinent part that in all criminal cases "the State may appeal only from an order or judgment the substantive effect of which results in . . . suppressing evidence," and held that the state could appeal a pre-trial order excluding

---

[3]If, as the concurrence asserts, the broader construction given sec. 974.05(1), Stats., by *Harris* and *Wild* was clearly contrary to the legislature's intent, the legislature would have responded to those decisions and narrowed their construction of the statute.

evidence on grounds "other than that the evidence was obtained as the result of an unlawful search and seizure or an involuntary confession." *Id.* at 502.

Mr. Eichman's claim that granting the State the right to appeal orders excluding evidence will result in a flood of insignificant appeals has already been proven unfounded. The decision in this case goes no further than the holding in *Harris.* Yet *Harris,* decided over five years ago, has not resulted in an onslaught of meritless appeals. An additional safeguard preventing meritless appeals is the fact that a full panel appeal cannot be taken without authorization from the Attorney General's Office. *See* secs. 59.47 and 165.25, Stats. 1985–86.

Having concluded the State could properly appeal as a matter of right pursuant to sec. 974.05(1)(d)2, Stats., we next consider the merits of the appeal and whether the circuit court erred when it denied the State's second motion to admit expert testimony by Dr. Kane.

■

The question of whether to admit or exclude testimony by an expert witness is largely a matter of the circuit court's discretion. *State v. Friedrich,* 135 Wis. 2d 1, 15, 398 N.W.2d 763 (1987). This court will reverse the circuit court's determination only where there has been an abuse of discretion. *La Barge v. State,* 74 Wis. 2d 327, 341, 246 N.W.2d 794 (1976).

> A discretionary determination, to be sustained, must demonstrably be made and based upon the facts appearing in the record and in reliance on the appropriate and applicable law. Additionally, and most importantly, a discretionary determination must be the product of a rational mental process by which the facts of record and law relied upon are stated and are considered together for the purpose of achieving a reasoned and reasonable determination. It is recog-

nized that a trial court in an exercise of its discretion may reasonably reach a conclusion which another judge or another court may not reach, but it must be a decision which a reasonable judge or court could arrive at by the consideration of the relevant law, the facts, and a process of logical reasoning.

*Hartung v. Hartung,* 102 Wis. 2d 58, 66, 306 N.W.2d 16 (1981).

██

We conclude the circuit court abused its discretion when it denied the State's second motion. The circuit court's conclusion that the State's two motions were identical is without a factual basis in the record. The State's second motion was different in that it did not offer any testimony by Dr. Kane which could be excluded on the grounds for which the circuit court denied the State's first motion. The State's second motion did not seek to admit testimony by Dr. Kane which attempted to redefine terms defined by statute. Nor did it seek to admit excerpts of Dr. Kane's report which evinced his opinion that A.E. was telling the truth.

Moreover, the circuit court erred as a matter of law when it concluded that expert testimony was not required because what constituted "psychotherapy," as defined by statute, could be understood by the "average juror." The standard applied when determining whether a statute is unconstitutionally vague is not to be equated with the test to determine whether to admit expert testimony. To defeat a constitutional challenge as to vagueness, a statute must be sufficiently definite to give persons of ordinary intelligence who seek to avoid its penalties fair notice of the conduct required or prohibited and must provide standards for those who enforce

the laws and adjudicate guilt. *City of Oak Creek v. King,* 148 Wis. 2d 532, 546, 436 N.W.2d 285 (1989). To gain admission of an expert's testimony, however, the proponent of the evidence need only show that the expert's opinion will "assist the trier of fact to understand the evidence or to determine a fact in issue." Section 907.02, Stats., 1985–86. It does not follow that because persons of ordinary intelligence can understand a statute, the opinion of an expert in the field would not be of assistance to the trier of fact in understanding the evidence or determining a fact in issue.

We conclude that this type of case is particularly appropriate for the admission of expert testimony. While the statutory language in sec. 455.01(6), Stats., may well be within the understanding of the ordinary person, the same is not necessarily true with respect to the evidence establishing that "psychotherapy" was being practiced. This case is illustrative. The evidence establishing the counseling techniques employed by Mr. Eichman was not stated in terms of the statutory definition of "psychotherapy," but rather appeared facially neutral to an untrained observer. Expert testimony by Dr. Kane could, if the circuit court finds it otherwise admissible, assist the trier of fact in understanding whether those techniques constituted the "use of learning, conditioning methods and emotional reactions" to assist A.E. "to modify feelings, attitudes and behaviors which are intellectually, socially or emotionally maladjustive or ineffectual." A more probable scenario is that the evidence which establishes the methods of "psychotherapy" utilized, usually a therapist's progress reports, is frequently couched in professional terminology beyond the understanding of the ordinary person. Because proof of that fact is an element of the offense, expert testimony should be admitted if given the circumstances of the case it

would assist the trier of fact. *Cf. Dept. of Revenue v. Bailey-Bohrman Steel Corp.,* 93 Wis. 2d 602, 610-11, 287 N.W.2d 715 (1980); *State v. Johnson,* 54 Wis. 2d 561, 564-65, 196 N.W.2d 717 (1972).

We conclude that this matter should be remanded to the circuit court for determination, prior to trial, of the State's second motion *in limine.*

*By the Court.*—The decision of the court of appeals is affirmed, and cause remanded to the circuit court for determination of the State's second pre-trial motion.

SHIRLEY S. ABRAHAMSON, J. (concurring). I agree that the cause must be remanded to the circuit court for determination of the state's pre-trial motion to admit evidence.[1] I do not, however, join the majority opinion's interpretation of sec. 974.05(1)(d)2 as granting the State an appeal of right from pre-trial orders excluding evidence that "might normally determine the successful outcome of the prosecution." Majority op. pp. 555, 563, 564. Section 974.05(1)(d)2 expressly grants an appeal of right only when the circuit court *suppresses* evidence, not when the circuit court *excludes* evidence.[2]

---

[1]The state moved *in limine* to admit evidence. Section 971.31(1) provides: "Any motion which is capable of determination without the trial of a general issue must be made before trial."

I conclude that the court of appeals had jurisdiction to hear the appeal in this case. I would treat the state's notice of appeal as meeting the requirements of a permissive appeal under sec. 808.03(2) and sec. (Rule) 809.50(1), Stats. 1987-88. See also sec. (Rule) 809.82(2), Stats. 1987-88; *State ex rel. A.E. v. Green Lake County Circuit Court,* 94 Wis. 2d 98, 105e, 288 N.W.2d 114 (1980); *State v. Jenich,* 94 Wis. 2d 74, 97d, 288 N.W.2d 348 (1980).

[2]Section 974.05(1)(d)2 provides as follows:

I conclude that the State has a permissive appeal from orders excluding evidence.

I agree with the majority insofar as it concludes that the legislature intended sec. 974.05(1)(d)2 to limit the State's appeal of right to orders excluding normally outcome-determinative evidence.

The language of sec. 974.05(1)(d)2 uses the word *suppress* to limit the State's appeal as a matter of right to those situations where exclusion is outcome-determinative. An order suppressing evidence is a subset of the broader category of orders excluding evidence. Orders excluding evidence may or may not be outcome-determinative.

This interpretation is buttressed by legislative history surrounding enactment of sec. 974.05(1)(d)2. The Judicial Council Committee's notes clearly demonstrate that the legislature intended the phrase *suppress evidence* in sec. 974.05(1)(d)2 to be read along with the same phrase in sec. 971.31(10)[3] and to be read as less

---

(1) Within the time period specified by s. 808.04(4) and in the manner provided for civil appeals under chs. 808 and 809, an appeal may be taken by the state from any:

. . .

(d) Order or judgment the substantive effect of which results in:

1. Quashing an arrest warrant;
2. Suppressing evidence;
3. Suppressing a confession or admission.

[3]Section 971.31(10), Stats. 1987–88, provides as follows:

(10) An order denying a motion to suppress evidence or a motion challenging the admissibility of a statement of a defendant may be reviewed upon appeal from a judgment of conviction notwithstanding the fact that such judgment was entered upon a plea of guilty.

inclusive than the phrase *exclude evidence.*[4] The courts have interpreted the phrase *suppress evidence* in sec. 971.31(10) narrowly to limit the defendant's ability to obtain review on appeal. *State v. Riekoff,* 112 Wis. 2d 119, 332 N.W.2d 744 (1983); *State v. Nelson,* 108 Wis. 2d 698, 324 N.W.2d 292 (Ct. App. 1982).

Restricting the State's appeal as a matter of right to evidence that the circuit court suppressed is also consistent with rules of appellate practice distinguishing between final and interlocutory orders. In *State v. Rabe,* 96 Wis. 2d 48, 57, 291 N.W.2d 809 (1980), this court held that sec. 974.05 must be read with chs. 808 and 809 governing appellate practice.

Appeal of right is generally from final judgments and orders. An order suppressing evidence has, according to the legislature, the effect of a final judgment because the evidence is presumed outcome-determinative.

---

[4]The Judicial Council Committee's note (1969) to sec. 974.05, Stats., states in part:

> [A] major change is sub(1)(d) which permits the state to appeal an order suppressing evidence, a confession or an arrest warrant. *Since these matters normally determine the successful outcome of prosecutions,* it is believed that the state should be able to take an immediate appeal rather than wasting the time of the court with a hollow trial where the result is preordained by the ruling on the suppression question. For defendant's right in this area, see s. 971.31(10). (Emphasis added.)

Wis. Stat. Ann. sec. 974.05 (West 1985).

The Judicial Council's comment to sec. 971.31(10) states in part:

> This subsection . . . should reduce the number of contested trials since in many situations, the motion to suppress evidence is really determinative of the result of the trial.

Wis. Stat. Ann. sec. 971.31 (West 1985).

A permissive appeal may be taken from an interlocutory order. On the State's petition for leave to appeal from an order excluding evidence the court of appeals should exercise its discretion whether to grant the appeal. It would grant the appeal when the interlocutory order excluding evidence was outcome-determinative to protect the State "from substantial or irreparable injury," sec. 808.03(2)(b), Stats. 1987–88.

The majority opinion disregards its own outcome determinative standard, the clear language and legislative history of sec. 974.05(1)(d)2, as well as the appellate structure established by chs. 808 and 809.

The majority opinion permits the State, and the State alone, to determine whether an order excluding evidence "might normally determine the successful outcome of the prosecution." The State thus has absolute, unreviewable discretion to determine whether it will appeal. If the State appeals an order excluding evidence the court of appeals must hear the appeal. The effect of the majority opinion is to interpret sec. 974.05(1)(d)2 to grant the state an appeal as of right from all pre-trial orders excluding evidence.

The majority opinion in effect equates the statutory phrase *suppress evidence* with the words *exclude evidence*. Such an equation comports neither with the language, scope, legislative history, context, subject matter and purpose of sec. 974.05(1)(d)2 nor with the rules for appellate review set forth in chs. 808 and 809.

For the reasons set forth, I concur.

I am authorized to state that Chief Justice Nathan S. Heffernan joins this concurrence.