STATE of Wisconsin, Plaintiff-Appellant,

v.

Harold C. MAASS, Defendant-Respondent.†

Court of Appeals

*No. 93–0520–CR. Submitted on briefs June 4, 1993.—Decided June 24, 1993.*

(Also reported in 502 N.W.2d 913.)

†Petition to review denied.

For the plaintiff-appellant the cause was submitted on the briefs of *James E. Doyle*, attorney general, and *Thomas J. Balistreri*, assistant attorney general.

For the defendant-respondent the cause was submitted on the brief of *Jack E. Schairer* and *Randy R. Koschnick*, assistant state public defenders.

Before Gartzke, P.J., Dykman and Sundby, JJ.

SUNDBY, J. On February 22, 1993, we stayed defendant Harold C. Maass's trial for first-degree intentional homicide to decide the state's appeal from an order excluding evidence of Maass's inculpatory statements. Maass moved this court to dismiss the

state's appeal because, he claims, the state may not appeal from the order as of right. We conclude that the order "excluding" evidence of Maass's inculpatory statements had the substantive effect of suppressing evidence and was appealable by the state as of right under sec. 974.05(1)(d)2, Stats.[1]

The state argues that the district attorney complied with the discovery statute, sec. 971.23, Stats., when two days before trial, she disclosed to Maass inculpatory statements she intended to introduce at trial. Therefore, the state contends that the trial court erred in granting Maass's motion to exclude the evidence as a sanction for failing to comply with the discovery statute.

We conclude that the district attorney complied with the discovery statute. The trial court therefore erred in granting Maass's motion to exclude the evidence of his inculpatory statements as a sanction for violating the statute. We reverse the court's order. We do not reach the state's argument that the trial court erroneously exercised its discretion in denying the state's motion for a continuance.

## BACKGROUND

Maass is charged with the shooting death of Robert Woelfel, who appeared at Maass's home on October 14, 1992, dressed as a woman. Trial was to begin Monday, February 22, 1993. On the preceding Saturday, a part-time Town of Ixonia police officer, Tom Schultz, informed the district attorney that approximately two months prior to the homicide, he had discussed with

[1] Section 974.05, Stats., provides in part: "(1) [A]n appeal may be taken by the state from any: . . . (d) Order or judgment the substantive effect of which results in: . . . 2. Suppressing evidence . . . ."

Maass a February 28, 1991 incident in which a suspected cross-dresser had appeared at Maass's home. Schultz quoted Maass as saying: "If this person shows up, I will shoot the son-of-a-bitch. People like that should not be around. They are sick in the head." Maass made other statements to Officer Schultz regarding the February 28, 1991 incident which the district attorney intended to introduce at trial through Officer Schultz's testimony.

Upon learning of Maass's statements, the district attorney immediately informed Maass's counsel that she intended to introduce Maass's statements at trial. On the morning of trial, Maass moved to exclude any testimony by Schultz and another witness to statements made by Maass which had not been disclosed by the district attorney before February 20, 1993. Maass's counsel claimed that he was "unfairly surprised" by the new evidence. He did not request a continuance, although he recognized that that was an option available to the court. Counsel stated, however, that if the court ordered a continuance, he would move for a mistrial.

The district attorney first stated that she did not want a continuance. However, after the trial court granted Maass's motion, she requested a continuance as an alternative to exclusion of the evidence.

## APPEAL AS OF RIGHT

Maass argues that the trial court's order was an order "excluding" evidence, not an order "suppressing" evidence. We disagree.

Maass relies on *State v. Eichman*, 155 Wis. 2d 552, 562–67, 456 N.W.2d 143, 147–49 (1990), where the supreme court clarified the distinction between "suppressing" evidence and "excluding" evidence. However,

the court stated that the distinction was "a fine one." *Id.* at 562, 456 N.W.2d at 147. Maass concentrates on the following statement by the supreme court: "The underlying purpose of sec. 974.05(1)(d)2, Stats., is to avoid the expense of a 'hollow' trial caused by a circuit court's excluding evidence *which the State substantially relied upon in deciding to prosecute.*" *Id.* at 565, 456 N.W.2d at 148 (emphasis added). Maass points out that the district attorney could not have relied on Maass's inculpatory statements because when the district attorney decided to prosecute Maass she did not know of the statements.

Our reading of *Eichman* convinces us that the rule is that the state may resolve, by an appeal under sec. 974.05(1)(d)2, Stats., any "significant evidentiary question[ ] prior to trial to avoid delays once trial has commenced." *Id.* at 565, 456 N.W.2d at 149. The *Eichman* court signaled, however, that it would not review "insignificant" or "meritless" appeals under sec. 974.05(1)(d)2. *Id.* at 567, 456 N.W.2d at 149. Plainly, evidence of Maass's inculpatory statements to Officer Schultz is "significant" because if believed by the jury, it would establish intent, based on his loathing for cross-dressers and stated willingness to kill such individuals.

We conclude that evidence of Maass's inculpatory statements to Officer Schultz is significant evidence and that the trial court's order had the effect of suppressing such evidence. Therefore, the state may appeal from the trial court's order under sec. 974.05(1)(d)2, Stats., as a matter of right.

## VIOLATION OF DISCOVERY STATUTE

The trial court concluded that "the admission of the testimony of Officer Schultz would violate Section 971.23(1), Stats." The court further found that the state had not established good cause for its failure to comply with the discovery statute.

Section 971.23(1), Stats., requires the district attorney, upon demand, to furnish the defendant with a written summary of all oral statements of the defendant which the prosecutor plans to use at trial. Maass made that demand. The statute also requires that the district attorney furnish the defendant with the names of witnesses to the written and oral statements which the state plans to use. Section 971.23(7), Stats., imposes on the district attorney a continuing duty to disclose such information, even during trial.[2]

Maass does not claim that the district attorney personally failed to comply with sec. 971.23(1) or (7), Stats. At the hearing on Maass's motion, his counsel stated: "I am not accusing [the district attorney] of intentionally doing anything wrong . . . ." The trial court found that the district attorney had notified defense counsel on the afternoon of February 20, 1993, of the evidence of Maass's inculpatory statements, and that the next day, Maass's counsel listened to a tape

---

[2] Section 971.23(7), Stats., provides:

> If, subsequent to compliance with a requirement of this section, and prior to or during trial, a party discovers additional material or the names of additional witnesses requested which are subject to discovery, inspection or production hereunder, he shall promptly notify the other party of the existence of the additional material or names. The court shall exclude any witness not listed or evidence not presented for inspection or copying required by this section, unless good cause is shown for failure to comply. The court may in appropriate cases grant the opposing party a recess or a continuance.

recording of a verbal statement made by Officer Sch-
ultz regarding Maass's inculpatory statements.

Maass claims, however, that Officer Schultz's fail-
ure to disclose Maass's inculpatory statements to the
district attorney until two days before trial is imputed
to the district attorney's office. Maass argues that the
district attorney's continuing duty to disclose extends
to material and information possessed by the district
attorney's staff or others who have participated in the
investigation or evaluation of the case.

Maass relies on *Wold v. State*, 57 Wis. 2d 344, 204
N.W.2d 482 (1973). The discovery statute was not in
effect when Wold was tried. In *Wold*, the district attor-
ney had volunteered to provide the defendant with all
crime laboratory reports. The district attorney was
unaware of a crime laboratory test made subsequent to
those disclosed to the defendant. The court concluded
that in the preparation of the state's case, the district
attorney should have discovered if a later test was
made, and if so, whether in keeping with his promise to
disclose, the test should have been given to the defen-
dant. 57 Wis. 2d at 349, 204 N.W.2d at 486. The court
reached its conclusion upon consideration of the Ameri-
can Bar Association Project on Standards for Criminal
Justice, Standards Relating to Discovery and Proce-
dure Before Trial. The court stated that under those
standards:

> [I]t is the prosecutor's duty to acquire *all* relevant
> evidence. The duty rests upon the prosecution to
> obtain *all* evidence in the possession of investiga-
> tive agencies of the state. . . . The test of whether
> evidence should be disclosed is not whether in fact
> the prosecutor knows of its existence but, rather,
> whether by the exercise of due diligence he should
> have discovered it.

*Id.* at 349–50, 204 N.W.2d at 486–87 (emphasis in original; citations omitted). These standards have been codified in sec. 971.23, Stats.

In its oral ruling, the trial court stated that the inculpatory statements which Maass made to Officer Schultz "could have been, with diligence, known . . . ." Presumably, the trial court accepted Maass's argument that Officer Schultz was an agent of the state and that his knowledge of Maass's inculpatory statements was in the state's custody and control.

Maass cites *Jones v. State*, 69 Wis. 2d 337, 349, 230 N.W.2d 677, 684 (1975), where the court considered the question of how far the duty of the prosecutor to disclose evidence extends. The court noted that in *Wold*, it had adopted sec. 2.1(d) of the ABA Standards:

> The prosecuting attorney's obligations under this section extend to material and information in the possession or control of members of his staff and of any others who have participated in the investigation or evaluation of the case and who either regularly report or with reference to the particular case have reported to his office.

69 Wis. 2d at 349, 230 N.W.2d at 684–85 (quoting *Wold v. State*, 57 Wis. 2d at 349 n.4, 204 N.W.2d at 486 n.4). The *Jones* court held that the prosecutor did not have a duty of his own accord, in response to a general discovery motion, to seek defendant's arrest record from the FBI or the Los Angeles Police Department. *Id.* The court said that: "To impose such a duty would create significant practical difficulties since to exercise 'due diligence' the prosecutor arguably could thus be required to routinely check for possible conviction records in all 50 states." *Id.* at 349, 230 N.W.2d at 685.

The state argues that the prosecutor's continuing duty to disclose did not extend to the information

Officer Schultz had about Maass's inculpatory statements. It points out that Officer Schultz was not involved in the investigation or evaluation of the case against Maass and did not generally report to the prosecutor, nor did he report to the prosecutor with reference specifically to Maass's case. Maass argues that Town of Ixonia Police Department Officer Tryge Aasen, a second part-time police officer, had furnished information to the prosecutor's office which was used in the preparation and evaluation of the state's case. However, the criminal complaint drafted by Detective Ervin Burrow, Jefferson County Sheriff's Department, does not mention either Officer Aasen or Officer Schultz or the Town of Ixonia Police Department. The complaint reveals that a deputy of the Jefferson County Sheriff's Department responded to the call to Maass's residence.

Maass notes that Officer Aasen had previously given a statement to the district attorney concerning the case, and the district attorney intended to call Officer Aasen as a witness. He argues that because Officer Aasen had furnished information to the district attorney's office, any material or information in possession of the Town of Ixonia Police Department, including Officer Schultz's knowledge of Maass's inculpatory statements, was subject to discovery. Maass's argument is extremely convoluted and we reject it. We conclude that the discovery statute does not impose on the district attorney the undifferentiated duty to consult every law enforcement officer who conceivably could have information respecting a case under investigation by the district attorney and the district attorney's investigating agency, which in this case was the Jefferson County Sheriff's Department.

Maass presented no evidence that either Officer Aasen or Officer Schultz participated in the investigation or evaluation of Maass's case. He does not claim that the Town of Ixonia Police Department and its officers regularly reported to the district attorney. The record does not disclose whether Officer Aasen's proposed testimony concerns any investigative work he performed in connection with Maass's case. In any event, the district attorney's duty to disclose material and information presented to the district attorney's office by someone who reported to his or her office extends only to the information presented and not to the information of others who have not come forward and have not reported to the district attorney.

Maass contends that Officer Schultz was aware of the homicide investigation and had evaluated the usefulness of Maass's inculpatory statements. He argues that, therefore, Officer Schultz's knowledge of Maass's inculpatory statements satisfied both the evaluation and investigation "prongs" of *Wold*. However, Schultz did not report Maass's statements because they were completely unrelated to the incident he was investigating. Officer Schultz's failure to appreciate the significance of Maass's inculpatory statements and his last-minute disclosure of those statements to the district attorney should not deprive the state of this valuable evidence. When Officer Schultz did report to the district attorney, she promptly complied with sec. 921.23(7), Stats.

Section 971.23(7), Stats., imposes on the district attorney a continuing duty to disclose additional material or the names of additional witnesses discovered "prior to or *during trial* . . . ." (Emphasis added.) Thus, if during the trial the district attorney had discovered,

72

perhaps through the examination of a witness, that Maass had made inculpatory statements to Officer Schultz, she would not have violated sec. 971.23(7) if she promptly reported that information to defense counsel and communicated her intent to call Officer Schultz as a witness. Plainly, in that circumstance, Maass could have moved the trial court for a continuance of the trial to allow counsel to prepare a defense to such evidence. Maass may have been able to obtain a continuance had he made such request of the trial court. He elected instead to seek to exclude or suppress evidence of his inculpatory statements as a sanction for the district attorney's failure to comply with the discovery statute. Because the district attorney did not fail to comply with the discovery statute, Maass may not be granted that relief.

*By the Court.*—Order reversed.