CITY OF OSHKOSH, Plaintiff-Respondent,

v.

Raymond F. ABITZ, Defendant-Appellant.

Court of Appeals

*No. 94–0868–FT. Submitted on briefs July 21, 1994.—Decided August 24, 1994.*

(Also reported in 522 N.W.2d 258.)

On behalf of the defendant-appellant, the cause was submitted on the brief of *Edmund C. Carns* of *Hughes Mathewson Carns & Slattery* of Oshkosh.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Warren P. Kraft*, city attorney, and *Lynn A. Lorenson*, assistant city attorney.

Before Brown, Nettesheim and Snyder, JJ.

BROWN, J. Raymond F. Abitz was convicted of selling alcohol to an underage person contrary to § 125.07(1)(a)1, STATS. Abitz contends that one defense provided in § 125.07(6) gives the trial court the discretion to consider all relevant circumstances in the sale of alcohol to a minor. The trial court held that it had no authority to find Abitz not guilty unless he satisfied all four elements listed in § 125.07(6)(a)-(d). In other words, the trial court ruled that there was only a single, absolute defense available to Abitz and it consisted of having to prove all four elements. We hold that the trial court incorrectly interpreted the statute.

Abitz owns and runs South Park Beverage in Oshkosh. As part of a "sting" operation, an undercover, underage police officer entered Abitz' store and purchased a six-pack of beer. Abitz' employee claimed that he did not ask for any type of identification because the officer looked older than twenty-one years of age. No deliberate false misrepresentation of age was ever made to the employee. The City of Oshkosh charged Abitz with violating the law prohibiting selling alcohol to minors.

203

The sale of alcohol to an underage person is prohibited by § 125.07(1)(a)1, Stats., which states:

**Underage and intoxicated persons; presence on licensed premises; possession; penalties.** **(1)** Alcohol beverages; restrictions relating to underage persons. (a) *Restrictions.* 1. No person may procure for, sell, dispense or give away any alcohol beverages to any underage person not accompanied by his or her parent, guardian or spouse who has attained the legal drinking age.

The sale of alcohol by Abitz' employee to the underage officer therefore clearly violated § 125.07(1)(a)1.

However, Abitz argues that § 125.07(6)(a), (b) and (c), Stats., provide him with a defense. Subsection (6) reads:

**(6)** Defenses. In determining whether or not a licensee or permittee has violated subs. (1)(a) and (3)(a), *all relevant circumstances* surrounding the presence of the underage person or the procuring, selling, dispensing or giving away of alcohol beverages *may be considered, including any* circumstance under pars. (a) to (d). *In addition*, proof of all of the following facts by a seller of alcohol beverages to an underage person *is* a defense to any prosecution for a violation of this section:

(a) That the purchaser falsely represented that he or she had attained the legal drinking age.

(b) That the appearance of the purchaser was such that an ordinary and prudent person would believe that the purchaser had attained the legal drinking age.

(c) That the sale was made in good faith and in reliance on the representation and appearance of the purchaser in the belief that the purchaser had attained the legal drinking age.

(d) That the underage person supported the representation under par. (a) with documentation that he or she had attained the legal drinking age.

*Id.* (emphasis added).

Abitz contends that the officer's mature appearance and confidence constituted false representation and an ordinary and prudent person would have believed that the officer was over twenty-one years old. Abitz concedes that he did not meet all of the elements of the defense as listed in § 125.07(6)(a)-(d), STATS.; however, he argues that meeting all four elements was not required in order to establish the defense. Abitz further argues that the trial court has the discretion to consider *individually* the factors listed in § 125.07(6)(a)-(d) and all other "relevant circumstances."[1]

The City, on the other hand, contends that meeting all of the elements listed in § 125.07(6)(a)-(d), STATS., provides the only defense available to the charge. The City argues that unless the defendant proves each and every element listed in the statute, a finding of guilt must be made. The City sees the statute as a strict liability statute but for the narrow window outlined in § 125.07(6)(a)-(d). The trial court agreed.

The issue involves statutory construction. We interpret the statute de novo without deference to the trial court. *State v. Eichman*, 155 Wis. 2d 552, 560, 456 N.W.2d 143, 146 (1990).

---

[1] As a relevant circumstance, Abitz argues that his employee had just called the police to complain about a parking violation and there was a good chance an officer might be outside. Abitz argues that no underage person would attempt to enter the store and purchase alcohol if an officer were present.

The statute, in our view, is unambiguous. The initial language in § 125.07(6), STATS., allows the trier of fact to consider "*all*" relevant circumstances in the case "*including any*" circumstance listed under § 125.07(6)(a)-(d). This is a clear indication that the trier of fact "*may*," but does not have to, declare a defendant not guilty based upon proof of "*any*" of the factors listed in § 125.07(6)(a)-(d), as well as circumstances not listed by the statute.

The statute provides that "*in addition*," if a defendant proves "*all*" of the elements listed in § 125.07(6)(a)-(d), STATS., such proof "*is*" a defense. *Id.* (emphasis added). We determine that proof of all of the elements makes the defense *absolute* as a matter of law. In such case, the trial court may not find the person guilty.

Thus, the statute sets forth two lines of defense. First, the defendant can produce any circumstance believed relevant, including but not limited to any circumstance outlined in § 125.07(6)(a)-(d), STATS. The trier of fact may consider these circumstances and still find guilt. Or, the defendant can produce evidence of all four elements in § 125.07(6)(a)-(d). If the trier of fact finds that each element is proven, it becomes an absolute defense. Abitz attempted the first line of defense. The trial court ruled that only the second line of defense was available to him. The trial court erred. The case is remanded to the trial court with directions that it review the record and determine whether the defense provided absolves Abitz of the charge.

*By the Court.*—Judgment reversed and cause remanded with directions.