COURT OF APPEALS
DECISION
DATED AND FILED

June 18, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.   **2023AP1028-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2021CF1098

IN COURT OF APPEALS
DISTRICT III

STATE OF WISCONSIN,

   PLAINTIFF-APPELLANT,

V.

PABLO FUERTE PEREZ,

   DEFENDANT-RESPONDENT.

APPEAL from an order of the circuit court for Marathon County: SCOTT M. CORBETT, Judge. *Reversed and cause remanded for further proceedings.*

Before Stark, P.J., Hruz and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Pablo Fuerte Perez has been charged with repeated sexual assault of a child and child enticement. The State appeals the circuit court's order excluding a video that the accuser allegedly recorded of Perez sexually assaulting her. The court determined that the video was inadmissible for two reasons. First, it concluded that the video was not relevant. Second, because the identity of the man depicted in the video could not be determined from the video itself, and Perez claimed that the man in the video was not him, the court concluded the video "would constitute evidence of other sexual activity of the minor victim" and was therefore inadmissible under the rape shield statute, WIS. STAT. § 972.11 (2021-22).[1]

¶2 We agree with the State that the video is relevant. We further agree with the State that the rape shield statute is inapplicable because the video constitutes direct evidence of the crime charged, not "evidence concerning the complaining witness's prior sexual conduct." *See* WIS. STAT. § 972.11(2)(b). We also reject Perez's argument that the video was properly excluded because its probative value is substantially outweighed by the danger of unfair prejudice. *See* WIS. STAT. § 904.03. Accordingly, we reverse the circuit court's order excluding the video, and we remand for further proceedings consistent with this opinion.

## BACKGROUND

¶3 The charges against Perez are based on allegations that he repeatedly sexually assaulted Mary[2] between April 16 and November 19, 2020, when she was

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

[2] Pursuant to the policy underlying WIS. STAT. RULE 809.86(4), we refer to the complaining witness using a pseudonym.

thirteen to fourteen years old. Mary provided the State with a video from her phone, which she claimed showed her having sexual intercourse with Perez. The video, however, does not show the face of the man having intercourse with Mary, and Perez denies that he is the man depicted in the video.

¶4 Perez has never asked the circuit court to exclude the video from evidence. Instead, in support of his defense that he is not the man depicted in the video, Perez filed a motion in limine "seek[ing] to inquire regarding the identi[t]y of other potential partners of the alleged victim during the relevant time period." Perez noted that during Mary's interview with police, she "indicated that she had had a prior sexual relationship with a different man" before the alleged assaults by Perez, and she told police that man's name. Perez argued that he should be able to introduce that evidence "to establish that there is another person who may be depicted in the video instead of [Perez]" and to show that Mary "may have learned about the details of sexual activity with the male that she had previously had sex with prior to the allegations herein."[3]

¶5 Perez argued that under the circumstances of this case, evidence regarding Mary's prior sexual activity with other men was not barred by the rape shield statute, pursuant to the judicially created exception to that statute set forth in *State v. Pulizzano*, 155 Wis. 2d 633, 456 N.W.2d 325 (1990). In response, the State argued that the circuit court should deny Perez's motion to admit evidence

---

[3] According to the State's briefs in the circuit court and on appeal, Perez claimed that Mary had previously engaged in sexual conduct with two individuals: a man named "Arturo Campo" and an unnamed student. The State contends that Mary has denied any sexual contact with "Arturo Campo" but admits having sexual intercourse with the unnamed student.

regarding Mary's prior sexual activity because Perez "failed to meet all five of the *Pulizzano* factors."

¶6    Ultimately, the circuit court did not address whether the rape shield statute prohibits Perez, in response to the video, from inquiring into Mary's prior sexual activity with other men. Instead, the court sua sponte excluded the video for two reasons.

¶7    First, the circuit court concluded that the video is not relevant. The court reasoned that "the issue here is whether or not the minor victim had sexual contact with Mr. Perez," and a "video where the identification of the male participant is uncertain, is not probative of that consequential fact."

¶8    Second, the circuit court ruled that even if the video is somewhat probative, its probative value is "outweighed by the potential for prejudice because … showing the video and [Perez's] denial necessarily leads to some inferences by the jury, and it certainly opens the door to inferences that the minor victim had sexual contact with some other men." Stated differently, because the video and Perez's denial of being the man in the video could lead the jury to infer that Mary had engaged in sexual conduct with another man, the court concluded that the video is inadmissible under the rape shield statute.

¶9    The State now appeals from the circuit court's order excluding the video. *See* WIS. STAT. § 974.05(1)(d); *see also* ***State v. Eichman***, 155 Wis. 2d 552, 563, 456 N.W.2d 143 (1990) (explaining that under § 974.05(1)(d), "the State may appeal as a matter of right any pre-trial order that bars the admission of evidence which might 'normally' determine the successful outcome of the prosecution" (citation omitted)).

4

## DISCUSSION

¶10    The admission of evidence is committed to the circuit court's discretion, and we will not disturb the court's decision unless it erroneously exercised its discretion.  ***State v. Ringer***, 2010 WI 69, ¶24, 326 Wis. 2d 351, 785 N.W.2d 448.  A court erroneously exercises its discretion when it applies the wrong legal standard or when the facts of record fail to support its decision.  ***Id.***

¶11    Here, we conclude that the circuit court erroneously exercised its discretion by excluding the video.  First, the court incorrectly determined that the video is not relevant.  To be admissible, evidence must be relevant.  WIS. STAT. § 904.02.  Evidence is relevant when it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  WIS. STAT. § 904.01.  "This is not a high hurdle; evidence is relevant if it 'tends to cast any light' on the controversy."  ***State v. White***, 2004 WI App 78, ¶14, 271 Wis. 2d 742, 680 N.W.2d 362 (citation omitted).

¶12    In this case, to convict Perez of repeated sexual assault of a child, the State will be required to prove that Perez sexually assaulted Mary at least three times.  *See* WIS. STAT. § 948.025(1)(e).  Thus, whether Mary was sexually assaulted during the relevant time period and, if so, whether Perez was the person who committed the assaults are facts of consequence to the determination of the action.

¶13    The State sought to introduce the video as direct evidence of one sexual assault by Perez against Mary during the relevant time period.  A video showing Mary—a minor—having sexual intercourse with a man tends to make it more probable that Mary was sexually assaulted.  In addition, given Mary's

5

anticipated testimony that Perez is the man shown in the video, the video also tends to make it more probable that Perez sexually assaulted Mary. The video is therefore relevant, in that it has a tendency to make the existence of facts that are of consequence to the determination of the action more probable than they would be without the video. *See* WIS. STAT. § 904.01.

¶14 In concluding that the video is not relevant, the circuit court relied on the fact that the assailant's identity cannot be determined from the video alone. That reasoning, however, ignores the relevant legal standard. While the video, standing alone, may not definitively show that Perez sexually assaulted Mary, that is not the legal standard for determining relevance. Instead, evidence is relevant as long as it "'tends to cast any light' on the controversy," *White*, 271 Wis. 2d 742, ¶14 (citation omitted), by making the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence, WIS. STAT. § 904.01. The video tends to cast light on the controversy in this case by making it more probable that Perez sexually assaulted Mary. Accordingly, under the correct legal standard, the video is relevant.[4]

---

[4] On appeal, Perez argues that the State's "sole purpose in using the video is to show that [Mary] had sexual intercourse during the alleged time period." Perez then contends that because he does not dispute that Mary had sexual intercourse during that time period, the video "is not relevant to any issue in dispute as it does not provide that the intercourse was with [Perez]."

This argument fails because the State clearly intended to use the video to show that Mary had sexual intercourse with *Perez* during the relevant time period, not just that she had sexual intercourse with someone. As explained above, the video *does* tend to make it more probable that Mary had sexual intercourse with Perez, based on Mary's contention that Perez is the man shown in the video.

¶15     In addition, the rape shield statute does not bar the video's admission. The rape shield statute generally prohibits the admission in a sexual assault prosecution of "any evidence concerning the complaining witness's *prior sexual conduct*," unless the evidence falls within one of three statutory exceptions or within the judicially created exception recognized in **Pulizzano**. *See* WIS. STAT. § 972.11(2)(b) (emphasis added); **State v. Dunlap**, 2002 WI 19, ¶¶16-18, 250 Wis. 2d 466, 640 N.W.2d 112. The statute was enacted "to counteract outdated beliefs that a complainant's sexual *past* could shed light on the truthfulness of the sexual assault allegations." **Dunlap**, 250 Wis. 2d 466, ¶19 (emphasis added). Here, however, the video is not evidence of Mary's *prior* sexual conduct or sexual *past*. It is direct evidence of a crime with which Perez is charged—i.e., the repeated sexual assault of Mary. Consequently, the circuit court erroneously exercised its discretion by concluding that the video is inadmissible under the rape shield statute.[5]

¶16     In analyzing the video's admissibility under the rape shield statute, the circuit court concluded that the fifth **Pulizzano** factor was not satisfied because the video's probative value did not outweigh its prejudicial effect. *See* **Pulizzano**, 155 Wis. 2d at 651. Similarly, on appeal, Perez asserts that the video was properly excluded under WIS. STAT. § 904.03, which states that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." In support of this claim, Perez contends that there is "certainly a risk

---

[5] As the State correctly notes, the parties never asked the circuit court to determine whether the video was inadmissible under the rape shield statute. "Instead, the only rape shield question was whether [Perez] would be allowed to *respond* to the video at trial by inquiring into prior sexual assaults allegedly committed by others against Mary." Because the court concluded the video was inadmissible, it did not address that question.

that the jury sees the video and has their emotions raised to the point that their desire to have justice for the acts in the video clouds their analysis of the proof as it relates to the evidentiary burden of proof in this matter."

¶17    We disagree that the video's probative value is substantially outweighed by the danger of unfair prejudice. As the State correctly notes, the video "is extraordinarily probative." It constitutes direct evidence of the crime charged, as it shows a man having sexual intercourse with Mary, and Mary contends that the man is Perez. In contrast, the risk of unfair prejudice is relatively low. The jury will hear other evidence supporting the allegation that Perez had sexual intercourse with Mary. Watching a video that allegedly depicts the sexual assault is minimally more prejudicial than hearing testimony about the assault. Under these circumstances, the video's minimal risk of unfair prejudice does not outweigh its high probative value.

¶18    Finally, Perez argues that he has "constitutional rights under the confrontation and due process clauses" and that, as a result, he has a constitutional right "to present evidence that the video of the alleged crime depicts another person." He contends that "[i]f the video itself is not past sexual history, then the identity of the male in the video is not past sexual history and is admissible as well."

¶19    We agree with the State that these arguments are premature. The issue on appeal is whether the video is admissible, not whether Perez has a constitutional right to present evidence in response to the video that the man depicted therein is another person. The circuit court avoided answering that question by ruling, sua sponte, that the video is inadmissible. Because we conclude that the video is admissible, on remand, the court will have to address

Perez's argument that he should be permitted to present evidence of Mary's past sexual activity with other men in order to support his defense that he is not the man depicted in the video.[6]

*By the Court.*—Order reversed and cause remanded for further proceedings.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[6] In doing so, the circuit court will need to address whether the judicially created exception to the rape shield statute set forth in *State v. Pulizzano*, 155 Wis. 2d 633, 456 N.W.2d 325 (1990), applies. In addition, as the State notes, if Perez wants to argue that some specific third party committed the sexual assault shown in the video, he will need to satisfy the three-part *Denny* test by showing that the alleged third-party perpetrator had motive, opportunity, and a direct connection to the crime. *See State v. Denny*, 120 Wis. 2d 614, 624-25, 357 N.W.2d 12 (Ct. App. 1984).