STATE of Wisconsin, Plaintiff-Respondent,

v.

Ronald Craig RIEKKOFF, Defendant-Appellant-Petitioner.

Supreme Court

*No. 81–1582–CR. Argued March 1, 1983.—Decided April 26, 1983.*

(Also reported in 332 N.W.2d 744.)

For the petitioner there were briefs and oral argument by *William J. Tyroler,* assistant state public defender.

For the plaintiff-respondent the cause was argued by *Jeffrey M. Gabrysiak,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

HEFFERNAN, J. This is a review of an unpublished opinion of the court of appeals dated July 20, 1982, affirming a judgment of conviction of the circuit court for Milwaukee county, MICHAEL D. GUOLEE, Circuit Judge.

The question on this appeal is whether, following a guilty plea, a defendant has the right to appellate review of an order denying the admission of his proffered evidence, when a condition of the plea bargain was the defendant's reservation of the right to challenge the ruling

upon appeal, the prosecutor agreed to the conditional plea and the reservation, and the trial judge acquiesced in the arrangement.

We conclude that the answer must be "no," and, accordingly, we affirm that determination by the court of appeals, subject to defendant's option to move for a withdrawal of his plea.

The defendant, Ronald Craig Riekkoff, was charged with burglary in the city of Milwaukee under the provisions of sec. 943.10(1)(a), Stats. Because he had been convicted of three felonies within five years of the charged offense, the provisions of sec. 939.62, *increased penalty for habitual criminality*, were applicable.

Prior to setting the case for trial, the circuit judge, upon learning of the intention of the defendant to offer evidence that, because of intoxication, he lacked the mental capacity to form the requisite intent to commit the crime, scheduled a hearing on the question of the admissibility of such testimony. At the hearing, defendant made an offer of proof by the testimony of a psychiatrist. The judge ruled that such testimony was inadmissible under *Steele v. State,* 97 Wis. 2d 72, 294 N.W.2d 2 (1979).

Subsequent to that ruling, the defendant pleaded guilty. The prosecutor stated the terms under which the state accepted the defendant's plea:

"[W]e are agreeing that if the defendant wishes to proceed to the appellate review claiming that the Court denied him a certain witness or privilege to assert the witness, we do not believe that the plea entered in this case will affect that or we state that it's a waiver of that argument."

Defense counsel asked that the trial judge make it clear that the matter of the admissibility of the expert psychiatric testimony was preserved for appellate review

despite the guilty plea. Although the judge was not explicit in his acquiescence in the defendant's position, nevertheless he did not disagree with it. The parties on this appeal both assert that the judge concluded that the right of appellate review of the order would be preserved. The defendant was found guilty upon his plea and was sentenced to a term of five years in the state prison.

Appeal was taken, but the court of appeals refused to review the trial court's exclusion of the psychiatric testimony. It rejected "the defendant's contention that the parties and the trial court may stipulate to the right of appellate review." It affirmed the judgment of the trial court.

The court of appeals relied upon *Mack v. State,* 93 Wis. 2d 287, 293, 286 N.W.2d 563 (1980), for the general proposition that a "voluntary entry of a guilty plea waives the right to raise on appeal nonjurisdictional issues." Because it viewed the question here—the admissibility of evidence—as nonjurisdictional, it indulged in no further discussion of the question. In the instant case, we need not concern ourselves with the exact boundaries of the rule relied upon by the court of appeals, nor need we conclude that a guilty plea waives all defects except those relating to subject-matter jurisdiction, for in the instant case Riekkoff, conceding that the general rule would exclude his appellate review, only asserts that review may be preserved when the plea of guilty is conditioned upon the right to assert the question on appeal and there is agreement by the prosecutor and acceptance of the plea by the trial judge.

The general guilty-plea-waiver rule has its modern genesis in Wisconsin in *Hawkins v. State,* 26 Wis. 2d 443, 132 N.W.2d 545 (1965). *Hawkins* involved the denial of the defendant's motion to suppress evidence which had been obtained in a search by police officers. Following

the trial court's denial of the motion to suppress, Hawkins pleaded guilty. Subsequent to conviction on the plea, Hawkins sought to withdraw his plea, reasserting that his arrest and the subsequent search, which produced incriminating evidence, were unlawful. Upon appeal from the trial court's order denying Hawkins' motion to withdraw his guilty plea, this court refused to address the merits of the order denying the motion to suppress. We said:

"[W]ithout deciding the controversy over the validity of the search, we conclude that Hawkins, by his plea of guilty, waived his right to litigate that question." P. 446.

We said further:

"It appears to be the general rule, that a plea of guilty, voluntarily and understandingly made, constitutes a waiver of nonjurisdictional defects and defenses, including claims of violation of constitutional rights prior to the plea." P. 448.

The general waiver rule of *Hawkins* has been applied in numerous instances by this court.[1]

Although the rule has found widespread application, the guilty-plea-waiver rule does not deprive an appellate court of its subject matter jurisdiction. Thus, in *Flores, supra* at 510, the court said it chose to consider the con-

---

[1] *State v. Biastock,* 42 Wis. 2d 525, 167 N.W.2d 231 (1969), waived constitutional challenge to a lineup when potential challenges were known at time of plea; *State v. Guiden,* 46 Wis. 2d 328, 174 N.W.2d 488 (1970), and *Peters v. State,* 50 Wis. 2d 682, 184 N.W.2d 826 (1971), plea waived defense of intoxication; *Smith v. State,* 60 Wis. 2d 373, 210 N.W.2d 678 (1973), guilty plea waived attack on lineup and failure to advise of right to remain silent and to have a lawyer; *Flores v. State,* 69 Wis. 2d 509, 230 N.W.2d 637 (1975), plea waived review of challenge to denial of equal protection by statute; *Hatcher v. State,* 83 Wis. 2d 559, 266 N.W.2d 320 (1978), guilty plea waived the defense based on the right to a speedy trial.

stitutional issue, although the defendant by his plea had waived the right to assert it. A similar rationale was utilized in *Mack v. State,* 93 Wis. 2d 287, 296, 286 N.W. 2d 563 (1980). The guilty-plea-waiver rule, like the general rule that failure to timely raise objections at trial will result in waiver, is a rule of administration and not of power. *Brown County v. H&SS Dept.,* 103 Wis. 2d 37, 42, 307 N.W.2d 247 (1981).

In the instant case it is clear that, with a proper record before us, as there is here, we could decline to enforce the waiver rule and consider the merits of Riekkoff's appeal from the trial court's order denying the psychiatric evidence. The question on this review, however, is a narrow one—granted that in the absence of conditions imposed upon the plea there was a waiver of the right to review the order, is it appropriate public policy to permit the parties by their agreement to condition the plea and to impose upon this court (or the court of appeals) the obligation to abandon the general waiver rule and to review the order.[2]

As a matter of state public policy, the legislature has abandoned the guilty-plea-waiver rule in one situation. Sec. 971.31(10), Stats., Sess. Law 1969, ch. 255, sec. 63,

[2] We again emphasize that we are not in this case called upon to state the exact boundaries of the guilty-plea-waiver rule, for it is clear that, whatever rulings may not be waived, the defendant Riekkoff does not argue his claim, that expert testimony was improperly excluded, falls into any exception to the general waiver rule. Here it is pellucid that the application or nonapplication of waiver rests only upon this court's rule of administration and in no way deprives the court of subject matter jurisdiction. Thus, we reiterate that we do not address the intriguing and significant question of what, if any, nonjurisdictional claims may not be barred by a guilty plea. That question is not raised in this case. Accordingly, we do not state as a flat rule that a guilty plea waives all defects except those related to subject matter jurisdiction.

supersedes the holding of *Hawkins v. State, supra,* and provides:

"An order denying a motion to suppress evidence or a motion challenging the admissibility of a statement of a defendant may be reviewed upon appeal from a judgment of conviction notwithstanding the fact that such judgment was entered upon a plea of guilty."

The Judicial Council's comment to this statutory provision states:

"Sub. (10) is a new provision. It permits a defendant to appeal from a guilty plea when, prior to the entry of the guilty plea, the court had denied a motion to suppress evidence. On review, the appellate court can determine whether or not the order denying a suppression of evidence was proper. This subsection, based upon N.Y. Cr. Code s. 813–c., should reduce the number of contested trials since in many situations, the motion to suppress evidence is really determinative of the result of the trial. In such instances defendants usually are only contesting the legality of the search and not whether or not they did, in fact, possess the item seized." 1970 Wisconsin Annotations 2142.

This court has followed the rationale of the comment and pointed out in *State v. Meier,* 60 Wis. 2d 452, 210 N.W.2d 685 (1973), that one of the purposes of the statute is to reduce the number of fully contested trials when the only issue is whether the order denying a motion to suppress was proper.

Thus, in respect to motions to suppress, a conditional guilty plea, an agreement to plead guilty only if the denial of the motion to suppress can be addressed on appeal, is unnecessary. The right to appeal in that situation exists as a matter of legislatively established public policy whether or not, as a general proposition, this court approves conditional guilty pleas.

In prior cases this court has addressed what were, nominally at least, conditional guilty pleas. However, no case has been brought to our attention in which the party explicitly conditioned the plea upon the right to appeal a losing motion and both the prosecutor and the judge took the position that the guilty plea would not waive the right of appeal. In *Foster v. State*, 70 Wis. 2d 12, 233 N.W.2d 411 (1975), it was asserted on appeal that the defendant and his counsel did not intend the plea of guilty to a reduced charge of burglary to waive the challenge to the right to a speedy trial. It was asserted that the guilty plea was a qualified one which reserved the speedy-trial issue for appeal. There is, however, no intimation in *Foster* that either the prosecutor or the trial judge acquiesced in the reservation of the speedy-trial issue. The court responded to defendant's argument in *Foster* by saying that, even though the defendant expressly intended to plead guilty and yet reserve the right to appeal, that did not change or affect the application of the general rule that a guilty plea waives any objections grounded on the right to a speedy trial. This court relied upon the provisions of sec. 971.31(10), Stats., to reinforce the general applicability of the guilty-plea-waiver rule. It pointed out that the statute created only one exception to the rule and stated:

"Under the rule of statutory construction of *expressio unius est exclusio alterius*, this statute stops with the single exception it creates." P. 20.

In short, the court utilized the exception to prove the general rule of waiver in the wake of a guilty plea. Two principles, then, may be derived from *Foster*—that the only public policy exception to the rule of waiver is the legislatively created one in respect to motions to suppress, and the intent or reservation of the defendant at the time of entering a plea is irrelevant in respect to preserving a right to appeal.

*State v. Nelson,* 108 Wis. 2d 698, 324 N.W.2d 292 (Ct. App. 1982), involved a defendant who was charged with second-degree sexual assault. Prior to trial, the judge ruled, over the defendant's objection, that certain prior-crimes evidence was to be admissible. Thereafter, the defendant negotiated a plea and pleaded guilty to two counts of third-degree sexual assault. The court of appeals, from its examination of the record, concluded that Nelson had made an attempt to preserve the right to appeal the evidentiary ruling, and he believed, as did the prosecutor, that, under those circumstances, the right to appeal the evidentiary ruling would not be foreclosed by the guilty plea. The court of appeals, despite its recognition of these explicit attempts to reserve the right of appeal, held that the guilty plea waived any right to review the trial court's order in respect to prior-crimes evidence. Accordingly, the tenor of the law, both in this court and the court of appeals, is that even the express reservation of the right to appeal a prior ruling will not survive a guilty plea in respect to a matter which clearly would be waived absent the reservation. The fact that both the prosecutor and the defendant join in that reservation is immaterial.

In the instant case, it is at least arguable that the rule should be different where the judge, as well as the defendant and prosecutor, has agreed to the conditional plea. The waiver rule, however, is based upon conduct of the defendant which is probative of guilt, and we are given no good reasons why the acquiescence or approval of either the prosecutor or the judgment or both of them adds any significance to a defendant's plea of guilty.

We thus conclude that, in situations in respect to orders or objections to which the guilty-plea-waiver rule may apply, it is to be applied even though a defendant expressly states his intent not to waive certain issues on appeal and makes that intention a condition of his plea

and even though the prosecutor and the judge acquiesce in that intention.

It is apparent when we apply the term, "waiver," to this situation, we do not use that term in its usual sense, for, in the instant case, Riekkoff did not intentionally relinquish his right to appellate review. Rather, he expressed his intention not to relinquish that right. The effect, however, of such plea of guilty is to forego the right to appeal a particular issue. The guilty plea must be accepted as a waiver of rights, but any condition which a defendant seeks to place upon the plea is a nullity. Thus, once the guilty plea is accepted, as a matter of law the right to appeal the reserved issues is waived. Accordingly, in the instant case, Riekkoff, despite his attempt to condition the plea, cannot insist that this court or the court of appeals address his objections to the evidentiary ruling.

One thing, however, clearly stands out from the record, and that is that Riekkoff pleaded guilty believing that he was entitled to an appellate review of the reserved issue. Both the prosecutor and the trial judge acquiesced in this view and permitted Riekkoff to believe that, despite his plea, appellate review could be had of the evidentiary order. Because Riekkoff thought he could, with the acquiescence of the trial court and the prosecutor, stipulate to the right of appellate review, it is clear that Riekkoff was under a misapprehension with respect to the effect of his plea. He thought he had preserved his right of review, when as a matter of law he could not. Under these circumstances, as a matter of law his plea was neither knowing nor voluntary. While that plea waived his appellate rights in respect to the antecedent evidentiary motion, we conclude that if Riekkoff desires to move to withdraw his plea he may do so. *Foster v. State,* 70 Wis. 2d 12, 233 N.W.2d 411 (1975).

Additionally, we agree with the defendant's position that due process was violated because of the state's failure to comply with its obligation under the plea bargain. The record shows that the prosecutor agreed not to argue that appellate review was barred by the plea of guilty, but on appeal the state argued that, under Wisconsin law, appellate review was barred. Although the promise made by the prosecutor even if performed was one that was void in the sense that it was ineffective to give Riekkoff a review of the denial of his evidentiary motion, it nevertheless was a primary inducement for Riekkoff's guilty plea. The significant factor at this stage in the case is that the prosecution violated its agreement not to object to appellate review. This court would have denied review as a matter of right irrespective of the position taken by the state, but the point is that the state did not keep its part of the bargain. This is an unfairness that amounts to a denial of due process. Accordingly, in addition to the fact that this court refuses to extend exceptions to the guilty-plea-waiver rule beyond the one legislatively provided in respect to motions to suppress, we find in this case a denial of due process because the state made a promise it did not keep. The fact that it could not guarantee the effect of its promise is irrelevant, because the promise was an inducement for the plea. We hold that the attempted conditional plea in the instant case is invalid and is ineffective to preserve the right of appeal in respect to the reserved issue. Because it was entered into on the basis of inaccurate and incomplete knowledge, it was neither knowing nor voluntary. Because the state has not attempted to keep the promise which was an inducement for the plea, due process was violated.

We hold that conditional guilty pleas are not to be accepted and will not be given effect, except as provided by statute. While there has developed a considerable body of literature favoring the adoption of conditional guilty pleas, the concern is principally with the right to plead guilty and yet retain the opportunity of appellate review under the exclusionary rule. *See, Conditional Guilty Pleas,* 93 Harv. L. Rev. 564 (1980). This facet of the conditional guilty plea has been incorporated in Wisconsin law by the legislature's enactment of sec. 971.31(10), Stats. While we recognize that arguments favoring conditional pleas may be made in respect to claims other than those involving suppression motions and the admissibility of defendants' statements, we conclude that at this time we will defer to the legislature's enactment of the exception in sec. 971.31(10), Stats.

Although we affirm the court of appeals' refusal to challenge the evidentiary ruling because the guilty plea as a matter of law waived the right of appeal, the defendant may, under the circumstances, if he desires, move the trial court for the withdrawal of the plea. Absent such motion by the defendant within thirty days of the remand of the record to the trial court, the decision of the court of appeals is affirmed.

*By the Court.*—The decision of the court of appeals is affirmed subject to the defendant's option upon remand of the cause to the circuit court for Milwaukee county to withdraw the plea and to stand trial on the offense charged. Defendant's option shall be exercised within thirty days after remand and, if not so exercised, decision of the court of appeals is affirmed.