STATE of Wisconsin, Plaintiff-Respondent,

v.

Jimmie Dickie KAZEE, Defendant-Appellant.

Court of Appeals

*Nos. 94–0646–CR, 94–1627–CR. Submitted on briefs January 3, 1995.—Decided February 7, 1995.*

(Also reported in 531 N.W.2d 332.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Edward Koziboski* of Chicago, Illinois.

On behalf of the plaintiff-respondent, the cause was submitted on the briefs of *James E. Doyle*, attorney general, and *Stephen W. Kleinmaier*, assistant attorney general.

Before Wedemeyer, P.J., Sullivan and Fine, JJ.

FINE, J. Jimmie Dickie Kazee appeals a judgment convicting him of three counts of first-degree sexual assault, *see* § 940.225(1)(b), STATS., one count of robbery, *see* § 943.32(1)(b), STATS., and one count of armed burglary, *see* § 943.10(2)(a), STATS. The judgment was entered on Kazee's guilty plea pursuant to the procedure approved by *State v. Johnson*, 105 Wis. 2d 657, 661-663, 314 N.W.2d 897, 899-900 (Ct. App. 1981), which ruled that pleas authorized by *North Carolina v. Alford*, 400 U.S. 25 (1970), may be accepted in Wisconsin. *Alford*, a capital case, held that the United States Constitution is not violated when a defendant accepts conviction even though he or she simultaneously claims to be innocent. *Id.*, 400 U.S. at 37–38.[1] The trial court accepted Kazee's *Alford*-type plea after it denied Kazee's motion to change his plea of "not guilty" to the dual plea authorized by § 971.06, STATS.—"not guilty" and "not guilty by reason of mental

---

[1] The Wisconsin Supreme Court is currently considering whether to revisit *Johnson* in *State v. Garcia*, 93-1754-CR, review accepted July 19, 1994. Oral argument in *Garcia* was held on January 25, 1995.

216

disease or defect."[2] Kazee was sentenced to a total term of incarceration of ninety years. Eleven months later, Kazee sought to withdraw his *Alford*-type plea, contending that it was not entered knowingly. The trial court denied Kazee's motion, and Kazee appeals from that order as well. We affirm.

## I.

All of the crimes underlying Kazee's conviction were committed the night of August 1, 1989. Kazee pled "not guilty." On June 4, 1992, Kazee, by counsel, filed a notice of alibi, contending that he was in Benton Harbor, Michigan, on August 1, 1989. The notice named a person designated as "a witness to that alibi", as well as two other persons, whom the notice represented "may have additional information that will support this alibi." Two weeks later, Kazee amended his notice of alibi to name an additional witness.

After adjournments that are not an issue on this appeal, Kazee's case was scheduled to be tried on February 23, 1993. Four days before this trial date, Kazee

---

[2] Section 971.06, STATS., provides:

**Pleas. (1)** A defendant charged with a criminal offense may plead as follows:
 (a) Guilty.
 (b) Not guilty.
 (c) No contest, subject to the approval of the court.
 (d) Not guilty by reason of mental disease or defect. This plea may be joined with a plea of not guilty. If it is not so joined, this plea admits that but for lack of mental capacity the defendant committed all the essential elements of the offense charged in the indictment, information or complaint.
 **(2)** If a defendant stands mute or refuses to plead, the court shall direct the entry of a plea of not guilty on the defendant's behalf.
 **(3)** At the time a defendant enters a plea, the court may not require the defendant to disclose his or her citizenship status.

made the motion to change his plea. The motion was made approximately two weeks after the State filed a motion with the trial court seeking the admission of the results of tests that compared DNA fragments from Kazee's blood with DNA fragments from semen samples that were found at the August 1, 1989, crime scene. According to the State's motion, the results indicated a pattern of matches between the two sets of samples. The State's motion represented that "the probability that such a pattern of matches would be found in the relevant racial population is at least 1 in 19 million."

At the hearing on Kazee's motion to change his plea, his lawyer explained to the trial court that the motion was triggered by the DNA results and Kazee's professed lack of memory of the circumstances surrounding the crimes:

> My client has indicated to me that he has no recollection of being in the house or of committing the crimes that he is alleged to have committed. And he believes that that lack of recollection may be attributable to some kind of mental problem that has occurred which leaves him without memory of the offenses. He advised me of this for the first time last night and indicated to me that he felt that he would — that he wanted to enter a not guilty by reason of mental disease or defect plea.

The State objected to Kazee's motion to change his plea, noting, *inter alia*, that the motion was "not timely." The State also, however, addressed the substance of Kazee's request: "But more importantly I think which is the real crux of this case, to simply state I don't recall being at the house is necessarily a mental disease or defect to put forward, and I don't think a just cause has been shown for such a plea." The trial court

218

agreed, and denied the motion. Kazee then entered an *Alford*-type plea to the charges, but attempted to preserve his right to appeal from the trial court's denial of his change-of-plea motion.[3] As noted, Kazee later unsuccessfully sought to withdraw his plea, contending that he did not know that his plea *would* waive his appellate rights.

## II.

### A. *Waiver.*

The general rule is that a plea, whether denominated as a "guilty plea," a "no contest plea," or an "*Alford* plea," waives all nonjurisdictional defects and defenses, *see State v. Bangert*, 131 Wis. 2d 246, 293, 389 N.W.2d 12, 34 (1986); *State v. Olson*, 127 Wis. 2d 412, 418 n.4, 380 N.W.2d 375, 378 n.4 (Ct. App. 1985), and this is true even though the defendant and the State may agree that the defendant's appellate rights will be preserved, *Olson*, 127 Wis. 2d at 419, 380 N.W.2d at 379.[4] Thus, Kazee's attempt to preserve his right to appeal from the trial court's denial of his

---

[3] Kazee's lawyer had the following colloquy with the trial court:

> [Kazee's lawyer:] Your Honor, I also should make it clear that by doing that [entering *Alford*-type pleas] Mr. Kazee does not wish to waive any, any right to appeal the Court's ruling that you just made on his — on the issue of the NGI plea. I think that would go without saying, but.
> THE COURT: Sure. So then it is my understanding the defendant is going to be entering an Alford plea?
> [Kazee's lawyer]: Yes.

[4] An exception to this general rule is that a defendant may appeal from an order denying a motion to suppress evidence even though the judgment of conviction rests on a guilty plea or its equivalent. Section 971.31(10), STATS.

motion to change his plea was ineffective; Kazee's *Alford*-type plea waived that right.

Our conclusion that Kazee waived his right to appeal from the trial court's denial of his motion to change his plea does not end our discussion. No plea subjecting a defendant to penalty may stand unless it is both knowing and voluntary. *Bangert*, 131 Wis. 2d at 257, 389 N.W.2d at 19. A defendant who enters a plea while falsely assuming that he or she has preserved a right to appeal has not pled either knowingly or voluntarily. *State v. Riekkoff*, 112 Wis. 2d 119, 128, 332 N.W.2d 744, 749 (1983). Thus, on this record, Kazee's *Alford*-type plea was defective. Although this would ordinarily permit Kazee to withdraw his plea, *see ibid.*, we may, alternatively, consider the merits of his contentions despite the waiver, *see id.*, 112 Wis. 2d at 123–124, 332 N.W.2d at 749. Considerations of judicial economy and the age of this case persuade us that the waiver rule should not be imposed as a bar to appellate review of the trial court's denial of Kazee's motion to change his plea. Accordingly, because Kazee's motion to withdraw his plea was made solely to challenge the trial court's denial of his earlier motion to change his plea, Kazee's appeal from the trial court's order denying his motion to withdraw his plea is moot and will be dismissed. We now turn to the merits of Kazee's claim of trial-court error.

B. *Motion to change plea.*

1. *Standard of review.*

Before analyzing the merits of the trial court's decision to deny Kazee's motion to change his plea, we must determine the appropriate standard of review.

220

For purposes of standard of review, decisions by judges are traditionally divided into three categories, denominated questions of law (reviewable *de novo*), questions of fact (reviewable for clear error), and matters of discretion (reviewable for "abuse of discretion").

*Pierce v. Underwood*, 487 U.S. 552, 558 (1988).[5] "Matters that involve 'what can be broadly labeled supervision of litigation' are generally within the trial court's discretion." *State v. Selders*, 163 Wis. 2d 607, 613–614, 472 N.W.2d 526, 528 (Ct. App. 1991) (citation omitted). Scheduling, which is at the very heart of the trial court's "supervision of litigation" function, often involves—as it does here—substantive legal issues as well as mere matters of timing. Nevertheless, where the trial court is "better situated" than an appellate court "to marshal the pertinent facts" and to apply them to the substantive legal issue, appellate courts should review the trial court's decision with substantial deference. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 402 (1990) (application of facts to FED. R. CIV. P. 11). Thus, we conclude that the decision to grant or deny a defendant's request to change his or her plea from "not guilty" to "not guilty by reason of mental disease or defect" is within the trial court's discretion. *See Richards v. State*, 82 Wis. 172, 176, 51 N.W. 652, 652-653 (1892) (trial court's denial of defendant's motion to change plea of "not guilty" to one of abatement, in order to challenge the validity of his

[5] Wisconsin has recently adopted the less-harsh sounding "erroneous exercise of discretion" in place of "abuse of discretion." *See City of Brookfield v. Milwaukee Metropolitan Sewerage District*, 171 Wis. 2d 400, 423–424, 491 N.W.2d 484, 493 (1992). The two phrases describe the identical concept, however. *Id.*, 171 Wis. 2d at 423, 491 N.W.2d at 493.

preliminary examination, was within trial court's "sound discretion"); *cf. State v. Canedy*, 161 Wis. 2d 565, 579, 469 N.W.2d 163, 169 (1991) (trial court has discretion whether to grant or deny a defendant's motion to withdraw guilty plea).

A trial court's discretionary determination will be upheld on appeal if it is "consistent with the facts of record and established legal principles." *Lievrouw v. Roth*, 157 Wis. 2d 332, 358-359, 459 N.W.2d 850, 859-860 (Ct. App. 1990). The trial court based its decision on two grounds: Kazee's motion was made just prior to the scheduled trial date, and Kazee's proffered basis for attempting to plead not guilty by reason of mental disease or defect—that is, his claimed inability to remember being at the scene of the crimes—was not, in the words of the trial court's oral decision, a "good reason" for Kazee "to be able to change his plea."

It is undisputed that Kazee's attempt to change his plea came late—four days before trial. Although neither § 971.06, STATS., nor any other statutory provision sets a date by which a plea of not guilty by reason of mental disease or defect must be made, the plea must be entered sufficiently in advance of the trial so as to permit not only suitable notice to the prosecutor but also adequate time for implementation of the procedures mandated by § 971.16, STATS. *See State v. Leach*, 124 Wis. 2d 648, 661–662, 370 N.W.2d 240, 248 (1985), *denial of habeas corpus aff'd, Leach v. Kolb*, 911 F.2d 1249 (7th Cir. 1990), *cert. denied*, 498 U.S. 972.There may, of course, be circumstances where a late plea of not guilty by reason of mental disease or defect is warranted and will outweigh the institutional need to resolve cases timely. The burden, however, is on the defendant to demonstrate why the change of plea is appropriate; that is, he or she must make an offer of

proof encompassing the elements of the defense set out in § 971.15, STATS., that show a basis for a plea raising the defense of not guilty by reason of mental disease or defect.[6] *Cf. Canedy,* 161 Wis. 2d at 583–584, 469 N.W.2d at 170 (burden on defendant seeking to withdraw guilty plea prior to imposition of sentence to show that there is " 'some adequate reason for defendant's change of heart' ") (citation omitted). Significantly, the defendant has the burden at trial of proving "to a reasonable certainty by the greater weight of the credible evidence" that he or she was not responsible for the crimes charged, § 971.15(3), STATS., and may not have that issue presented to the jury unless he or she makes a *prima facie* case, *Leach,* 124 Wis. 2d at 662, 370 N.W.2d at 248.

A defendant who is tardy in seeking to change his or her plea from "not guilty" to "not guilty by reason of mental disease or defect" must also show why the plea claiming non-responsibility was not entered earlier. This requirement is consistent with the general principle that finality in litigation demands that delay not be excused unless there is a legitimate reason that excuses the delay. *See, e.g., State v. Escalona-Naranjo,* 185 Wis. 2d 168, 186, 517 N.W.2d 157, 164 (1994)

---

[6] Section 971.15, STATS., provides:

**Mental responsibility of defendant. (1)** A person is not responsible for criminal conduct if at the time of such conduct as a result of mental disease or defect the person lacked substantial capacity either to appreciate the wrongfulness of his or her conduct or conform his or her conduct to the requirements of law.

**(2)** As used in this chapter, the terms "mental disease or defect" do not include an abnormality manifested only by repeated criminal or otherwise antisocial conduct.

**(3)** Mental disease or defect excluding responsibility is an affirmative defense which the defendant must establish to a reasonable certainty by the greater weight of the credible evidence.

(applying the "sufficient reason" standard of § 974.06(4), STATS.).

As the trial court recognized here, Kazee's offer of proof, his alleged amnesia—a claim that he made after filing specific notices of alibi—did not address the elements under § 971.15, STATS. Further, Kazee failed to give any reason for not seeking to change his plea earlier, other than what can best be characterized as a realization that his alibi witnesses might not be believed in face of the DNA evidence that apparently placed him at the scene of the crime. In light of this record, the trial court acted well within its discretion in denying Kazee's motion to change his plea.

*By the Court.*—Judgment affirmed. Appeal from the trial court's order is dismissed.