STATE OF WISCONSIN, PLAINTIFF-RESPONDENT,
v.
SCOTT A. STRUEBING, DEFENDANT-APPELLANT.
No. 02-1966-CR.
Court of Appeals of Wisconsin.
Opinion Filed: April 28, 2004.
Before Anderson, P.J., Nettesheim and Snyder, JJ.
¶1 ANDERSON, P.J.
Scott A. Struebing is challenging a prior drunk driving conviction, contending that the trial court failed to advise him that although he did not qualify for a state public defender, the court could appoint him an attorney if he could have demonstrated his indigency. We affirm because this argument was soundly rejected in State v. Drexler, 2003 WI App 169, 266 Wis. 2d 438, 669 N.W.2d 182, review denied, 2004 WI 1, ___ Wis. 2d ___, 673 N.W.2d 691 (Wis. Nov. 17, 2003) (No. 02-1313-CR).
¶2 After being charged with operating a motor vehicle while under the influence of an intoxicant (5th offense) (OMVWI), WIS. STAT. §§ 346.63(1)(a) and 346.65(2)(e) (2001-02),[1] and operating a motor vehicle with a prohibited alcohol concentration (5th offense), WIS. STAT. §§ 346,63(1)(b) and 346.65(2)(e), Struebing filed a motion collaterally challenging his third and fourth OMVWI convictions. The basis for his challenge was his contention that the "plea colloquies were insufficient inasmuch as the court in each case failed to advise the defendant that if he could not afford a lawyer, he could ask that the court appoint him one. He argued that because of this failure, he did not "knowingly, voluntarily and intelligently, waive his right to an attorney" before he entered his plea to these two charges.
¶3 After the trial court denied Struebing's motion, he entered into a negotiated plea with the State that called for his plea of guilty to OMVWI (5th offense) in exchange for the State recommending a penalty, including one year in the county jail. The trial court accepted the defendant's guilty plea and sentenced him to seven months in the county jail plus a fine and other provisions. Struebing appeals.[2]
¶4 In this appeal, Struebing has limited his collateral attack to his fourth offense OMVWI charge that occurred in 1996 in Portage county. In his argument to this court, Struebing concedes that he made a voluntary waiver of his right to counsel in Portage county but because the court failed to advise him that it had the inherent power to appoint counsel if he could not afford to hire one, his waiver was not knowing and intelligent.
¶5 We were confronted with this argument in Drexler, where Drexler collaterally challenged a prior OMVWI conviction by contending that the circuit court "failed to advise him that he had the right to counsel appointed by the court and paid for by the county, even though he did not qualify for counsel provided by the state public defender." Drexler, 266 Wis. 2d 438, ¶1. We rejected that argument:
We hold that under current Wisconsin law, a trial court does not err if it does not advise the defendant of the variety of sources for appointed counsel and the variety of sources for reimbursement of counsel. A trial court is only obligated to advise a defendant of the right to counsel; it is not required to conduct a colloquy before accepting a waiver of counsel that includes specific advice to a defendant that the right to appointed counsel includes the right to counsel appointed by the court and paid for by the county.
Id., ¶17.
¶6 The Supreme Court of the United States recently issued a reminder that there is a constitutional waiver of counsel "when the defendant `knows what he is doing and his choice is made with eyes open.'" Iowa v. Tovar, 124 S. Ct. 1379, 1387 (2004) (citation omitted). In Tovar, the Supreme Court quoted from United States v. Ruiz, 536 U.S. 622, 629 (2002):
[T]he law ordinarily considers a waiver knowing, intelligent, and sufficiently aware if the defendant fully understands the nature of the right and how it would likely apply in general in the circumstanceseven though the defendant may not know the specific detailed consequences of invoking it.
Tovar, 124 S. Ct. at 1389.
¶7 We conclude that Tovar supports our conclusion in Drexler that a plea colloquy is not deficient if the court fails to tell a defendant that that court has the inherent power to appoint counsel even if the defendant does not qualify for counsel from the state public defender. See Drexler, 266 Wis. 2d 438, ¶17.
By the Court.  Judgment affirmed.
NOTES
[1] All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.
[2] The State argues that by pleading guilty to OMVWI (5th offense), Struebing waived any right to continue his collateral attack on the constitutionality of his plea to OMVWI, fourth offense. The guilty plea waiver rule is one of judicial administration, not one of the court's power to act. State v. Riekkoff, 112 Wis. 2d 119, 124, 332 N.W.2d 744 (1983). We choose not to invoke the guilty-plea waiver rule because this issue was fully litigated in the circuit court and presents a continuing problem throughout the state. See State v. Drexler, 2003 WI App 169, ¶7 n.4, 266 Wis. 2d 438, 669 N.W.2d 182, review denied, 2004 WI 1, ___ Wis. 2d ___, 673 N.W.2d 691 (Wis. Nov. 17, 2003) (No. 021313-CR).