COURT OF APPEALS
DECISION
DATED AND FILED

August 19, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2018AP1752-CR**

Cir. Ct. No. **2014CF455**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

MICHAEL E. DOEGE,

DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Walworth County: KRISTINE E. DRETTWAN, Judge. *Affirmed*.

Before Neubauer, C.J., Reilly, P.J., and Gundrum, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Michael E. Doege appeals from a judgment of conviction entered upon his guilty plea to one count of identity theft, and from an order denying his postconviction motion for plea withdrawal. According to Doege, his plea was unknowingly, unintelligently, and involuntarily entered because at the time he pled, he incorrectly believed he would be able to appeal the circuit court's adverse other-acts ruling. For the reasons that follow, we affirm.

## Background

¶2 Doege was charged with two counts of unauthorized use of an individual's personal identifying information (identity theft) based on allegations that in 2008, Doege twice used his brother's identification to get out of a traffic ticket.

¶3 On the morning set for trial, the State brought up its intent to introduce evidence of Doege's driving record. At trial counsel's request, the circuit court granted an adjournment, and the State filed a motion to introduce other-acts evidence, arguing that in two prior instances in Illinois, Doege "engaged in similar conduct on those cases as in the present case." Trial counsel opposed the motion and, following a hearing, the circuit court ruled that the circumstances of Doege's two prior Illinois convictions for using his brother's name would be admissible at trial.

¶4 Pursuant to a negotiated plea agreement, Doege pled guilty to one count of identity theft and the other count was dismissed and read in. The State agreed not to request a specific sentence. The presentence investigation report (PSI) was filed and its writer recommended a lengthy jail sentence. At Doege's request, sentencing was adjourned and Doege filed a motion for plea withdrawal, alleging that he understood "there would be a joint recommendation of the parties

for probation," and also that "[b]y some attorney client miscommunication or another, the Defendant understood that his plea agreement would not consider any recommendation by the State or the PSI for jail time."

¶5     At a hearing on the motion, Doege testified that he decided to plead guilty because when the other-acts evidence was ruled admissible, "I felt that it was prejudicial against the jury and that I didn't have a chance. Plus, [defense counsel] recommended that I take it because the state said that they had no recommendation and it was pretty much up to the Judge...." On cross-examination, Doege confirmed that at the plea hearing, he understood that the judge was not bound by any sentencing recommendations and could impose the maximum, but said that he thought the PSI recommendation violated the State's plea agreement. Doege also said that he did not understand various aspects of the plea colloquy; that he thought he could "within a reasonable time withdraw" his plea; that he felt pressured into pleading because of the court's other-acts ruling; and that he had a "change of heart" regarding his plea once he saw the PSI writer's recommendation for jail time, which he did not like.

¶6     The circuit court denied the motion, finding that Doege was not credible and had not demonstrated a fair and just reason for plea withdrawal. The court viewed the crux of Doege's claim as "whether or not he's going to go to jail; that's what has brought all of this about." The court did not find credible Doege's claims that he did not understand certain information at the plea hearing, reasoning at one point, "quite frankly, Mr. Doege, you want to throw your attorney under the bus because you don't like the recommendation that came back in the PSI; that's what this is all about here today." The court found contradictory Doege's statements that "[h]e didn't know that probation was allowed to make a recommendation in their PSI" and "he thought he could withdraw his guilty plea if

he did not like the recommendation in the PSI." The court continued, "You are basically grasping for anything here to be able to withdraw your plea and that makes you not credible to this Court." The court sentenced Doege to thirty days in jail and imposed a $300 fine.

¶7 Doege filed a postconviction motion for plea withdrawal, alleging that (1) his trial counsel was ineffective for misinforming him that he could appeal the circuit court's other-acts ruling despite having entered a guilty plea, and (2) his plea was not knowing, intelligent, and voluntary because he believed he could appeal the circuit court's other-acts ruling.

¶8 At a postconviction evidentiary hearing, Doege testified that he pled because he knew that the other-acts ruling was harmful to his case. He said that he did not know that his guilty plea would waive his right to challenge the circuit court's ruling and that his trial counsel told him he could appeal the adverse ruling.

¶9 Trial counsel testified that he told Doege that the other-acts ruling was "very bad" for his chances at trial. When asked whether he talked to Doege about appealing the ruling, he stated, "This is honestly where it gets a little sketchy for me. I ... believe so, but I'm not completely certain of that fact." Counsel said he "definitely did not advise" Doege that pleading guilty waived all challenges to evidentiary rulings.

¶10 Counsel acknowledged that his notes evidenced no "meeting, or phone call, or written communication with the defendant of any kind about preserving an appellate right on the other acts motion ruling," and that it would be normal practice for him to document issues for appeal both in his notes and in a letter to the client. However, he testified that he wrote Doege's postconviction

counsel an email stating, "I think that I did not believe [Doege] would be waiving that argument while pleading guilty.... As such, I believe I gave [Doege] wrong advice as to the ability ... to appeal that issue." When pressed, he reiterated that he could not recall whether he actually told Doege that he could appeal the other-acts ruling if he pled guilty.

¶11 After briefing, the postconviction court denied the plea-withdrawal motion. As with Doege's presentencing claim for plea withdrawal, the court found Doege not credible, noting "inconsistencies and ... probably lies" in his testimony. The court reasoned that it could not "rely on his testimony then in trying to determine whether or not a manifest injustice has occurred here such that [it] should allow him to withdraw his plea." The court continued, "I find that his testimony is completely self-serving, self-interested, and ... it changes for whatever legal theory his defense is asserting on that particular day." The court wanted "the record to reflect the depth of the court's concern with regard to [Doege's] veracity in these matters."

¶12 As for defense counsel's testimony, the circuit court found it "wishy-washy" and "very murky." The court had "the distinct impression that [defense counsel] was inclined to help Mr. Doege with" the motion. In fact, the court "felt like [defense counsel] ... threw himself under the bus" for Doege. The court concluded that defense counsel's testimony did not provide clear and convincing evidence of a manifest injustice, either in the context of ineffective assistance, or regarding the claim that Doege's plea was not knowing, intelligent, and voluntary.

### *Discussion*

¶13    It is well established that a defendant loses his or her right to appeal most[1] evidentiary rulings by entering a guilty or no-contest plea.  *See State v. Kelty*, 2006 WI 101, ¶18, 294 Wis. 2d 62, 716 N.W.2d 886 (resolving a case by entry of a plea waives all nonjurisdictional defects, including constitutional claims).  This is often referred to as "the guilty-plea-waiver rule."  On appeal, Doege abandons his ineffective assistance of counsel claim[2] and argues that his plea was not knowingly, voluntarily, and intelligently entered because he believed he could appeal the circuit court's other-acts evidentiary ruling despite having entered a guilty plea pursuant to a plea agreement.

¶14    A defendant seeking to withdraw his or her plea after sentencing must prove by clear and convincing evidence that plea withdrawal is necessary to correct a manifest injustice.  *State v. Dillard*, 2014 WI 123, ¶36, 358 Wis. 2d 543, 859 N.W.2d 44.  "A manifest injustice occurs when there are serious questions affecting the fundamental integrity of the plea which rendered it unknowing, involuntary, and unintelligently entered."  *State v. Denk*, 2008 WI 130, ¶71, 315 Wis. 2d 5, 758 N.W.2d 775.

---

[1] Pursuant to WIS. STAT. § 971.31(10) (2017-18), orders denying suppression motions are reviewable on appeal from a final judgment or order that was entered upon  the defendant's plea of guilty or no contest.  All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

[2] Doege's appellate brief asserts that he is no longer pursuing this claim "[d]ue to the credibility findings made by the circuit court."  Given that Doege's remaining claim also relies on the circuit court's credibility findings, it would appear that Doege is distancing himself from the court's finding that he did not "intend [] all along to appeal the other acts motion," and therefore could not demonstrate prejudice.

¶15    In deciding whether to allow a defendant to withdraw a plea, the circuit court may also assess the credibility of the proffered explanation for the plea withdrawal request.  *See* **State v. Kivioja**, 225 Wis. 2d 271, 291, 592 N.W.2d 220 (1999).  We will not overturn credibility determinations on appeal unless the testimony upon which they are based is inherently or patently incredible or in conflict with the uniform course of nature or with fully established or conceded facts.  **Global Steel Prods. Corp. v. Ecklund Carriers, Inc.**, 2002 WI App 91, ¶10, 253 Wis. 2d 588, 644 N.W.2d 269.

¶16    "Whether a plea is knowing, intelligent, and voluntary is a question of constitutional fact.  We accept the circuit court's findings of historical and evidentiary facts unless they are clearly erroneous but we determine independently whether those facts demonstrate that the defendant's plea was knowing, intelligent, and voluntary."  **State v. Brown**, 2006 WI 100, ¶19, 293 Wis. 2d 594, 716 N.W.2d 906.

¶17    We conclude that the circuit court properly denied Doege's plea withdrawal motion on the ground that he failed to prove by clear and convincing evidence that he believed he could appeal the other-acts ruling even after pleading guilty.  The court found Doege's testimony patently incredible and Doege does not challenge the court's factual findings.

¶18    Doege argues that his trial counsel's testimony, coupled with historical facts in the record, establish that Doege incorrectly believed he could appeal the other-acts ruling.  We are not persuaded.  Trial counsel's statement that he "definitely" did not advise Doege about the effect of the guilty-plea-waiver rule does not establish what Doege believed at the time he entered his plea.  To the extent Doege relies on trial counsel's testimony that he believed he advised Doege

he could still appeal the adverse ruling, his reliance is misplaced. While it is true that the circuit court did not explicitly find trial counsel's testimony incredible as a matter of law, it did find the testimony "wishy-washy" and "very murky" such that it believed counsel "threw himself under the bus" for Doege. On the record as a whole, the circuit court could not find that trial counsel affirmatively told Doege he would be able to appeal the other-acts ruling even if he pled guilty. Put differently, the court implicitly found that trial counsel did not misinform Doege about the consequences of his guilty plea. These findings are not clearly erroneous and support a determination that plea withdrawal is not necessary to correct a manifest injustice.

¶19 Similarly, we reject Doege's argument that historical record facts prove by clear and convincing evidence that his plea was infirm. That he pled guilty rather than going to trial due to the other-acts ruling does not remotely establish that he thought he could appeal that ruling upon pleading guilty. Additionally, the fact that he sought to withdraw his plea prior to sentencing only undermines his argument. It supports the postconviction court's credibility findings that Doege's testimony "changes for whatever legal theory his defense is asserting on that particular day," and that trial counsel "threw himself under the bus" to help Doege.

¶20 Finally, though not necessary to affirm, we find persuasive the State's argument that even if Doege did not know about the guilty-plea-waiver rule, he has not established a manifest injustice entitling him to plea withdrawal.

¶21    Not every misunderstanding of the law by a defendant negates the knowing and voluntary nature of a plea. *Brown*, 293 Wis. 2d 594, ¶11.  The cases relied on by Doege— *Riekkoff* and *Dawson*[3]— are distinguishable.  In each, the defendant explicitly bargained for an unenforceable, unattainable benefit.  *See Riekkoff*, 112 Wis. 2d at 128-29 (plea conditioned on the unenforceable right to appeal an evidentiary ruling); *Dawson*, 276 Wis. 2d 418, ¶¶2-4 (plea induced by State's unenforceable promise to reopen and amend the charges upon Dawson's completion of probation).  The records in both of those cases showed that the unenforceable benefit was a "primary inducement" for the defendants' pleas, and that "the State and the trial court acquiesced in [the defendant's] mistaken view." *Dawson*, 276 Wis. 2d 418, ¶¶13-14.  In the instant case, nothing suggests that Doege's plea was induced by or conditioned upon his ability to appeal the other-acts ruling.  As the postconviction court found, "there's really no evidence in the record that the defendant intended all along to appeal the other acts motion," and "the only indication … that he wanted to appeal the other acts motion comes from his [postconviction hearing] testimony just a few weeks ago, which is different from his earlier testimony."  Under the circumstances of this case, plea withdrawal is not necessary to prevent a manifest injustice.

        *By the Court.*—Judgment and order affirmed.

        This  opinion  will  not  be  published.    *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[3] *See* **State v. Riekkoff**, 112 Wis. 2d 119, 332 N.W.2d 744 (1983); **State v. Dawson**, 2004 WI App 173, 276 Wis. 2d 418, 688 N.W.2d 12.