COURT OF APPEALS
DECISION
DATED AND FILED

December 17, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP1493-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2019CF782

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

GERARDO REYES MEDINA,

DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Sheboygan County: REBECCA L. PERSICK, Judge. *Affirmed*.

Before Gundrum, Grogan, and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM. Gerardo Reyes Medina appeals a judgment of conviction and an order denying his postconviction motion for plea withdrawal. He argues that he is entitled to withdraw his no contest pleas based on ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984), and *Hill v. Lockhart*, 474 U.S. 52 (1985). He also argues that he should be allowed to withdraw his pleas because he entered them based on the mistaken belief that he could appeal the circuit court's pretrial evidentiary rulings. *See State v. Riekkoff*, 112 Wis. 2d 119, 130, 332 N.W.2d 744 (1983). We affirm.

¶2    Medina entered pleas to repeated sexual assault of a child and second-degree sexual assault of a child after reaching a negotiated resolution pursuant to which six additional felony counts were dismissed, and both parties jointly recommended a sentence of eight years of initial confinement and eight years of extended supervision. During the plea colloquy, Medina stated that he understood the plea, the rights he was waiving, and the penalties he faced. The circuit court did not follow the joint recommendation and sentenced Medina to 25 years of initial confinement and 15 years of extended supervision.

¶3    After sentencing, Medina sought plea withdrawal, asserting that counsel incorrectly advised him that he could appeal the circuit court's pretrial evidentiary rulings concerning the scope of evidence allowed at trial. He argued that he would not have entered pleas to the charges had he known his pleas waived his ability to challenge those rulings on appeal. After an evidentiary hearing, the court rejected that factual premise. The court expressly found that Medina was not credible when he testified that he would not have pled no contest but for counsel's incorrect statement about his appellate rights. Therefore, the court denied Medina's motion to withdraw his no contest pleas.

¶4 It is well established that a defendant alleging ineffective assistance of counsel must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. Because Medina's trial counsel incorrectly advised Medina that he could appeal evidentiary rulings after entering his pleas, our focus is on whether Medina was prejudiced. To establish prejudice, a "defendant must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Id.* at 694. In the context of a case resolved by entry of a plea, the prejudice determination "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill*, 474 U.S. at 59. "In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty [or no contest] and would have insisted on going to trial." *Id.*

¶5 At the plea withdrawal hearing, Medina testified that he explicitly told his attorney that the only reason he was entering the pleas is because he wanted to appeal his evidentiary issues. In contrast, Medina's trial counsel testified that Medina did not explicitly tell him that the ability to appeal the evidentiary rulings was a decisive factor in his decision to enter a plea.

¶6 The circuit court concluded that Medina's testimony was not credible. The court explained:

> Given the fact that the joint recommendation in this case was for substantially less prison time than the maximum, given the fact that an interlocutory appeal [on the evidentiary rulings] was attempted and was denied, and given the fact the defendant knew he might not succeed on appeal; the Court does not find it credible that the only reason the defendant entered a plea was [defense counsel's] representation that he could appeal after the plea[s].

3

¶7 The circuit court is the ultimate arbiter of witness credibility. *Welytok v. Ziolkowski*, 2008 WI App 67, ¶28, 312 Wis. 2d 435, 752 N.W.2d 359. The court found that Medina was not credible when he testified that he would not have entered the plea had he known that he could not appeal the court's evidentiary rulings. Because prejudice under *Strickland* and *Hill* turns on whether there is a reasonable probability the defendant would not have entered a plea, the court's credibility finding is dispositive; Medina was not prejudiced by counsel's error because there is no reasonable probability that he would not have entered pleas had he known that he would be unable to appeal the court's pretrial evidentiary rulings. *See Strickland*, 466 U.S. at 694; *Hill*, 474 U.S. at 59.

¶8 Moreover, on this Record, the circuit court's factual finding about Medina's state of mind when he entered the pleas is well supported by the Record. In addition to the circumstances noted explicitly by the court, the plea agreement provided other strong reasons for Medina to enter his pleas. The agreement dismissed 6 felony charges that added decades to Medina's prison exposure, and secured for him a joint recommendation for 8 years of initial confinement and 8 years of extended supervision, when his potential exposure on the 2 charges that were not dismissed was 100 years of imprisonment. The court could reasonably conclude that these tangible benefits, combined with the considerable risks of trial, were far more plausible motivating factors than the prospect of an evidentiary appeal.

¶9 This same credibility finding defeats Medina's argument that his pleas were not knowing and voluntary under *Riekkoff*, 112 Wis. 2d at 130, which held that entering a plea waives the right to appeal evidentiary rulings made before

the plea, with exceptions not applicable here.[1] While a plea entered under a material misunderstanding of appellate rights may be invalid, the misunderstanding must have actually induced the plea. *See id.* at 128-29. Here, the circuit court found as fact that it did not. That finding is entitled to deference and is fatal to Medina's claim that his plea was unknowing or involuntary.

      *By the Court.*—Judgment and order affirmed.

      This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[1] For example, a defendant may appeal as a matter of right, an order denying a suppression motion after entering a plea, WIS. STAT. § 971.31(10) (2023-24), but the pretrial evidentiary rulings at issue here concerned the scope of the evidence allowed at trial, rather than an order denying a suppression motion.

      All references to the Wisconsin Statutes are to the 2023-24 version.