STATE of Wisconsin, Plaintiff-Respondent,

v.

Mark NELSON, Defendant-Appellant.

Court of Appeals

*No. 81–842–CR. Argued May 3, 1982.——Decided August 25, 1982.*
(Also reported in 324 N.W.2d 292.)

For the defendant-appellant there was a brief by *Martin I. Hanson* of *Hanson & Gasiorkiewicz* of Racine. Oral argument by *Martin I. Hanson*.

For the plaintiff-respondent there was a brief by *Bronson C. La Follette,* attorney general, and *Susan Greenberger,* assistant attorney general. Oral argument by *Susan Greenberger*.

Before Voss, P.J., Brown and Scott, JJ.

VOSS, P.J.   Mark Nelson appeals from a judgment of conviction on two charges of third-degree sexual assault. The sole issue raised by Nelson is whether evidence proffered by the state of other similar crimes previously committed is admissible under sec. 904.04(2), Stats., at the defendant's trial. We hold, however, that this issue cannot be properly raised before this court since the defendant, by his guilty plea, waived his right to appeal the trial court's ruling on the admissibility of other crimes evidence. In addition, we hold that the circumstances of this case do not permit Nelson to invoke the exception to the rule of waiver set forth in sec. 971.31(10), Stats. Accordingly, we dismiss this appeal.

Nelson was charged in a criminal complaint with second-degree sexual assault alleged to have occurred on December 14, 1980. At the preliminary hearing, testimony established that Nelson and Kay Ratliff met at a party in December 1980. At this party, Nelson asked Ratliff for a ride home. She agreed and drove him to his home. While parked in his driveway, the parties had sexual intercourse in her van. Ratliff claims that her consent was obtained only by the threat of force. Conversely, Nelson contends that Ratliff voluntarily consented to have sexual intercourse with him.

After the preliminary hearing, an information was filed charging Nelson with the original offense of second-degree sexual assault. Nelson entered a plea of not guilty to this charge and appeared in Racine County Circuit Court on February 17, 1981 with his attorney, prepared to commence a jury trial.

Prior to commencing *voir dire,* the trial court was requested by counsel to rule on the admissibility of other crimes or wrong acts evidence which the state intended to offer during the course of the trial. The state sought to call three witnesses, Mary Lou Wagner, Melody Conrad and Darlene Conrad, to testify as to incidents similar to Ratliff's that they had had with Nelson. Nelson objected to the admissibility of this type of evidence on the grounds that it was irrelevant and prejudicial.

The trial court, after reviewing the law in Wisconsin, ruled that this evidence would be admissible at trial under sec. 904.04(2), Stats., as proof of motive, intent, and general scheme or plan. The court's rationale for this ruling was that the probative value of this evidence outweighed its prejudicial effect. Subsequent to this evidentiary ruling, Nelson entered into a plea agreement. Nelson pled guilty to a charge of third-degree sexual assault in the Ratliff case and also pled guilty in the Mary Lou Wagner matter. At the time these pleas were entered, Nelson attempted to preserve a right to appeal the evidentiary ruling. He was of the belief, as was the assistant district attorney, that his right to appeal would not be foreclosed by the guilty pleas.

On March 26, 1981, the trial court entered judgment of conviction upon the pleas and sentenced Nelson to two consecutive four year terms in prison.

Nelson argues that the trial court erred when it ruled that evidence of other crimes would be admissible under sec. 904.04(2), Stats. This court, however, finds that

this issue raised by Nelson is not an appealable issue. Hence, we do not render a decision on the merits of this issue.

Our supreme court in *Mack v. State,* 93 Wis. 2d 287, 293, 286 N.W.2d 563, 566 (1980), stated that as a general rule "a guilty plea, voluntarily and understandingly made constitutes a waiver of nonjurisdictional defects and defenses . . . ." Furthermore, there is no exception to the general rule of waiver which would permit an appeal of the type of ruling challenged here. Thus, when Nelson pled guilty to the two charges of third-degree sexual assault, he waived any right to appeal the trial court's evidentiary rulings.

At the time the pleas were entered, Nelson's counsel attempted to preserve a right to appeal the challenged rulings. Simultaneously, the assistant district attorney suggested that Nelson's right to appeal would not be foreclosed by the guilty pleas. The perception of the law by both attorneys is inaccurate. Because of Nelson's misunderstanding of the true effect of his guilty pleas on his appeal rights, it could be argued that the pleas were not understandingly made, and, thus, his appeal rights would still be preserved. However, in an analogous situation, the supreme court stated:

The plea of guilty is not qualified by the intent of the defendant, but the fact of its being knowledgeably and understandingly made might be affected by such reservation at the time of entry of the plea. This would lead to a postconviction request addressed to the trial court for withdrawal of the plea, *not* to a postconviction petition to this court seeking to raise the . . . issue [that the defendant incorrectly believed had been reserved for appeal] despite the plea of guilty. [Emphasis added.]

*Foster v. State,* 70 Wis. 2d 12, 21, 233 N.W.2d 411, 415–16 (1975). Thus, a challenge to the validity of the pleas could be made; however, it could not properly be made

for the first time in the context of this appeal before this court.

Nelson also contends that if the general rule of waiver is found to apply, sec. 971.31(10), Stats., would allow his appeal to be heard. We disagree. Section 971.31(10), creates the following narrow exception to the rule of waiver:

> An order denying a motion to *suppress evidence* or a motion challenging the admissibility of a statement of a defendant may be reviewed upon appeal from a judgment of conviction notwithstanding the fact that such judgment was entered upon a plea of guilty. [Emphasis added.]

From the unambiguous language of this statute, this court concludes that sec. 971.31(10), is applicable only in suppression situations. In addition, our supreme court made this clear when it stated: "Under the rule of statutory construction of *expressio unius est exclusio alterius,* this statute stops with the single exception it creates." *Foster v. State,* 70 Wis. 2d 12, 20, 233 N.W.2d 411, 415 (1975). Thus, by its express terms, this statute excepts only motions to suppress evidence and motions challenging the admissibility of a defendant's statement. This statute cannot be construed so as to except from the rule of waiver every motion to exclude evidence. The ruling challenged here, allowing the admission of other crimes pursuant to sec. 904.04(2), Stats., cannot accurately be characterized as "an order denying a motion to suppress evidence." Accordingly, it cannot be held to be within the scope of the sec. 971.31(10), Stats., exception to the rule of waiver.

In summary, we hold that the issue raised on appeal by Nelson cannot properly be raised before this court.[1]

---

[1] While we hold that Nelson cannot properly challenge the trial court's evidentiary ruling before this court, we are of the

Nelson cannot raise this issue because he waived his right to appeal the trial court's ruling on the admissibility of other crimes evidence when he pled guilty to the two charges of third-degree sexual assault. We also hold that the narrow exception to the rule of waiver set forth in sec. 971.31 (10), Stats., is not applicable since the trial court ruling being challenged here does not involve a motion to suppress evidence. For these reasons, we dismiss this appeal.

*By the Court.*—Appeal dismissed.

opinion that the appropriate means of making such a challenge would be through a post-conviction request addressed to the trial court for withdrawal of the guilty plea. Withdrawal of the plea could be based on the grounds that Nelson relied on erroneous information.