COURT OF APPEALS
DECISION
DATED AND FILED

September 10, 2019

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal Nos.** **2018AP2017-CR**
**2018AP2018-CR**
**2018AP2019-CR**

Cir. Ct. Nos. 2016CF4982
2017CF953
2017CF4985

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

---

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

EDDIE BEN SANDERS,

DEFENDANT-APPELLANT.

---

APPEALS from judgments and an order of the circuit court for Milwaukee County: MARK A. SANDERS, Judge. *Affirmed*.

Before Brash, P.J., Kessler and Dugan, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Eddie Ben Sanders appeals from judgments convicting him of attempted third-degree sexual assault, felony intimidation of a witness, and violating the sex offender registry. *See* WIS. STAT. §§ 940.225(3), 939.32, 940.43(4), & 301.45(6) (2015-16).[1] He also appeals the order denying his postconviction motion without a hearing. We affirm.

## I. BACKGROUND

¶2 The crimes underlying these appeals stem from three separate criminal complaints.

### Milwaukee County Case No. 2016CF4982

¶3 In the first criminal complaint filed against him, Sanders was charged with attempted first-degree sexual assault of a child as a party to a crime. According to the complaint, on November 5, 2016, the child victim, who was ten years old, told police that she woke up to her cousin, Sanders, touching her buttocks or side of her hip. The victim said that Sanders told her he wanted to "eat her p." The victim clarified for police that "p" meant "pussy." She left the room and went to a bedroom where two of her siblings were sleeping. Sanders and his brother Donald Sanders followed her into the bedroom.[2] Donald was residing at the residence because he was dating the victim's great aunt. Donald gave the victim $5.00 and told her, "I want to do the same thing Eddie tried." The victim

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

By a prior order of this court, these appeals were consolidated.

[2] We will refer to Donald Sanders as "Donald" and Eddie Sanders as "Sanders."

2

told him no and gave the money back to Donald. Sanders then tried to unbutton her pants. The victim told police she was very afraid and began crying and screaming, which woke up her mother and great aunt.

¶4 In the same complaint, the State charged Donald with attempted first-degree sexual assault of a child as a party to a crime.

### Milwaukee County Case No. 2017CF953

¶5 In the second criminal complaint, Sanders was charged with felony intimidation of a witness. The complaint alleged that while the sexual assault case was pending, Sanders sent a letter to his girlfriend instructing the victim's mother "not to show up at court so, they can dismiss" the charges.

¶6 After receiving the letter, Sanders' girlfriend spoke to the victim's mother and handed her the letter telling her not to show up at court.

### Milwaukee County Case No. 2017CF4985

¶7 In the third criminal complaint, Sanders was charged with violating the sex offender registry. The complaint alleged that Sanders failed to comply with several reporting requirements for the registry and failed to respond to written requests for information from the Department of Corrections.

¶8 Pursuant to a plea agreement reached on the morning of trial, Sanders pled guilty to attempted third-degree sexual assault in Case No. 2016CF4982 and to felony intimidation of a witness in Case No. 2017CF953. The circuit court accepted Sanders' pleas.

¶9　Prior to sentencing, Sanders, *pro se*, sent the circuit court a letter asking to withdraw his pleas. He later retracted the withdrawal letter at the sentencing hearing during the following exchange with the circuit court:

> THE COURT: … Now, listen, I got this letter from you dated December 7th saying you wanted to withdraw your plea on those other cases. Do you want to do that?
>
> DEFENDANT: I'm good.
>
> THE COURT: You do not wish to withdraw your pleas?
>
> DEFENDANT: I'm good.
>
> THE COURT: I'm sorry, I'm having trouble hearing you.
>
> DEFENDANT: No, no, no.
>
> THE COURT: Okay.

¶10　During the hearing, Sanders entered a guilty plea to violating the sex offender registry in Case No. 2017CF4985. The circuit court accepted his plea and subsequently ordered him to serve cumulative sentences on the three charges totaling six years of initial confinement and six and one-half years of extended supervision.

¶11　Sanders filed a postconviction motion and argued that he did not knowingly, intelligently, and voluntarily enter his guilty pleas; trial counsel was ineffective for not bringing a motion to sever the co-defendants; and the circuit court erred in granting the State's motion to admit other-acts evidence.[3] The circuit court denied the motion without a hearing.

---

[3] The Honorable M. Joseph Donald granted the State's other-acts motion.

4

## II. DISCUSSION

¶12 Sanders renews his postconviction claims on appeal. "When a defendant seeks to withdraw a guilty or no contest plea after sentencing, he or she must prove by clear and convincing evidence that refusing to allow plea withdrawal would result in a 'manifest injustice.'" *State v. Finley*, 2016 WI 63, ¶58, 370 Wis. 2d 402, 882 N.W.2d 761 (citation omitted). To satisfy the manifest injustice test, Sanders must show "a serious flaw in the fundamental integrity of the plea." *See State v. Thomas*, 2000 WI 13, ¶16, 232 Wis. 2d 714, 605 N.W.2d 836 (citation omitted).

¶13 A defendant can demonstrate a manifest injustice by showing that he or she did not knowingly, intelligently, and voluntarily enter the plea. *State v. Brown*, 2006 WI 100, ¶18, 293 Wis. 2d 594, 716 N.W.2d 906. Similarly, a defendant who receives constitutionally inadequate representation may be entitled to plea withdrawal. *See State v. Daley*, 2006 WI App 81, ¶20 n.3, 292 Wis. 2d 517, 716 N.W.2d 146. Here, Sanders argues that he has established manifest injustice on both grounds.

### A. Plea Withdrawal

¶14 Sanders argues that under *Nelson/Bentley*, his guilty pleas should be withdrawn because he did not knowingly, intelligently, and voluntarily enter them "when he flip-flopped his decision to plead guilty."[4] Sanders contends that the "flip-flopping" demonstrates he did not knowingly enter the pleas. Sanders

---

[4] *See Nelson v. State*, 54 Wis. 2d 489, 195 N.W.2d 629 (1972), and *State v. Bentley*, 201 Wis. 2d 303, 548 N.W.2d 50 (1996).

additionally argues that he did not voluntarily enter the pleas because trial counsel "coerced him into signing the pleas." He further claims he was rushed, scared, and confused and as such, was not thinking rationally at the time.

¶15     The *Nelson/Bentley* protocol applies when a defendant alleges that some factor extrinsic to the plea colloquy, like ineffective assistance of counsel, renders a plea invalid. *State v. Howell*, 2007 WI 75, ¶74, 301 Wis. 2d 350, 734 N.W.2d 48. A defendant is not entitled to an evidentiary hearing if the defendant's motion fails to allege sufficient facts that, if true, would entitle the defendant to relief, "or presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief[.]" *Id.*, ¶75 (citation omitted). This court reviews independently whether a defendant's motion to withdraw a plea "'on its face alleges facts which would entitle the defendant to relief,' and whether the record conclusively demonstrates that the defendant is entitled to no relief." *See id.*, ¶78 (citation omitted).

¶16     Applying these standards here, we conclude that Sanders was not entitled to an evidentiary hearing because he did not allege sufficient facts to entitle him to relief. The facts he offered in his postconviction motion amounted to details of his "flip-flopping" and conclusory assertions of having been manipulated, coerced, misrepresented, pressured, rushed, scared, and confused.

¶17     In its response brief, the State highlights various shortcomings in Sanders' postconviction motion:

> To meet this heavy burden [of showing by clear and convincing evidence, the existence of a manifest injustice], Sanders would have had to plead facts showing, for example: why he told the judge that he did not want to withdraw his guilty pleas when presented with the opportunity to do so; how his trial counsel purportedly

> manipulated and coerced him at or before the sentencing hearing into telling the circuit [court] he wished to proceed with sentencing when that was not his intention; why he entered a guilty plea to the sex offender registry violation at the sentencing hearing, five weeks after writing the letter and moments after retracting it, if he was innocent of all charges[5]; or any other facts explaining *why* he would have told the court that he wanted to plead guilty when that was not his intention. Sanders'[] postconviction motion was conspicuously silent as to these facts.

We agree that Sanders failed to allege sufficient facts that would have entitled him to relief. *See* ***State v. Allen***, 2004 WI 106, ¶23, 274 Wis. 2d 568, 682 N.W.2d 433 (explaining that allegations in a postconviction motion should include "the five 'w's' and one 'h' .... A motion that alleges, within the four corners of the document itself, the kind of material factual objectivity we describe above will necessarily include sufficient material facts for reviewing courts to meaningfully assess a defendant's claim"). The circuit court properly denied Sanders' claim without a hearing.[6]

## B. Motion to Sever

¶18 Next, Sanders argues that trial counsel was ineffective for not filing a motion to sever his case from Donald's. To establish his claim of ineffective assistance, Sanders must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense. *See* ***Strickland v. Washington***, 466 U.S. 668, 687 (1984).

---

[5] In his postconviction motion, Sanders conceded that he intended to retract the letter.

[6] In his postconviction motion, Sanders asserted, but did not develop an argument, that the plea colloquy itself was defective. He does not pursue this claim on appeal.

¶19 Once again, the allegations in his postconviction motion fall short. Sanders asserted only that a reasonable attorney would bring a motion to sever two co-defendants who "may have antagonistic defenses" and, but for the joinder, he would not have pled guilty. Sanders does not provide facts to support these assertions nor does he identify with any sort of specificity what defenses he or Donald may have had or explain how any such defenses were antagonistic.

¶20 The circuit court properly denied Sanders' claim without a hearing because he failed to allege sufficient facts that would have entitled him to relief. *See Allen*, 274 Wis. 2d 568, ¶23.

### C. Other-Acts Evidence

¶21 Lastly, Sanders argues that the circuit court erred when it granted the State's motion to admit other-acts evidence. By entering his guilty pleas, Sanders gave up the right to appeal the circuit court's ruling on this issue. *See State v. Nelson*, 108 Wis. 2d 698, 702-03, 324 N.W.2d 292 (Ct. App. 1982) (holding that the defendant waived the right to challenge the admissibility of other-crimes evidence by pleading guilty). We refer to this as the guilty-plea-waiver rule, and its application is a question of law that we consider *de novo*. *See State v. Kelty*, 2006 WI 101, ¶¶13, 18, 294 Wis. 2d 62, 716 N.W.2d 886.

¶22 Sanders submits that because the circuit court did not consider the guilty-plea-waiver rule in its ruling on his postconviction motion, this court need not consider it now. We do not find this persuasive. First, while we could choose to address this issue despite the rule, *see State v. Riekkoff*, 112 Wis. 2d 119, 123-24, 332 N.W.2d 744 (1983), Sanders did not adequately develop an argument for why doing so is appropriate here, *see, e.g.*, *Mack v. State*, 93 Wis. 2d 287, 296-97,

8

286 N.W.2d 563 (1980) (departing from the waiver rule has been allowed where "there are no factual questions, the parties have fully briefed the issue and [the question posed is] of ... statewide importance"). Second, we can affirm on a different basis than the one relied on by the circuit court. *See Liberty Trucking Co. v. DILHR*, 57 Wis. 2d 331, 342, 204 N.W.2d 457 (1973). We do so now as to this issue.

*By the Court.*—Judgments and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.