**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**February 17, 2022**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2020AP1160-CR**

**STATE OF WISCONSIN**

Cir. Ct. No. 2017CF1337

**IN COURT OF APPEALS**
**DISTRICT IV**

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

 V.

ODUM L. CARTER,

   DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Dane County: JILL KAROFSKY, Judge. *Affirmed*.

Before Blanchard, P.J., Kloppenburg, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Odum Carter appeals a judgment of conviction for felony murder, as party to a crime, that was entered based on Carter's guilty plea. Carter also appeals the circuit court's order denying his postconviction motion. He seeks to challenge the circuit court's decision, made prior to his guilty plea, that denied his motion to exclude eyewitness identification evidence. We affirm based on the guilty plea waiver rule.

¶2 Carter was charged with felony murder and armed robbery, both as party to a crime. He moved to exclude in-court identifications by any witness who had not made a prior unequivocal out-of-court identification. The circuit court denied the motion.

¶3 The parties subsequently entered into a plea agreement. In exchange for Carter's guilty plea on the felony murder count, the State agreed to dismiss and read in the armed robbery count and to dismiss and read in charges in a separate case. The State also agreed to cap its recommendation for initial confinement at twenty years. The circuit court accepted the plea agreement and sentenced Carter to a twenty-eight year prison term consisting of eighteen years of initial confinement and ten years of extended supervision.

¶4 On appeal, Carter argues that the circuit court erred in denying his motion to exclude the in-court identifications with respect to one of two witnesses. Carter acknowledges the existence of the guilty plea waiver rule, which provides that a valid guilty plea "waives all nonjurisdictional defenses to a conviction, including constitutional violations." *See* **State v. Milanes**, 2006 WI App 259, ¶13, 297 Wis. 2d 684, 727 N.W.2d 94. Carter contends, however, that the guilty plea waiver rule should not prevent him from appealing the circuit court's ruling on his

motion to exclude the in-court identifications. He relies on the statutory exception to the rule set forth in WIS. STAT. § 971.31(10) (2019-20).[1]

¶5      WISCONSIN STAT. § 971.31(10) states that the exception applies to an order "denying a motion to suppress evidence or a motion challenging the admissibility of a statement of a defendant."[2] Carter contends that this exception should be extended to apply to an order denying a motion to exclude eyewitness testimony, and that applying the exception here would be consistent with the policy behind the exception.

¶6      The State argues that: (1) the statutory exception is narrowly circumscribed and Carter cites no authority supporting his argument for an extension; (2) the circuit court correctly denied Carter's motion to exclude the in-court identifications; and (3) if the circuit court erred in denying the motion, the error was harmless. We agree with the State's first argument and, therefore, we need not address its second and third arguments.

¶7      Our supreme court has stated that WIS. STAT. § 971.31(10) "on its face permits a defendant to appeal only from orders denying a motion to suppress evidence or denying a motion challenging the admissibility of a statement by a defendant." *See* ***State v. Eichman***, 155 Wis. 2d 552, 563, 456 N.W.2d 143 (1990);

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

[2] WISCONSIN STAT. § 971.31(10) provides, in full, as follows:

> An order denying a motion to suppress evidence or a motion challenging the admissibility of a statement of a defendant may be reviewed upon appeal from a final judgment or order notwithstanding the fact that the judgment or order was entered upon a plea of guilty or no contest to the information or criminal complaint.

*see also* **State v. Riekkoff**, 112 Wis. 2d 119, 129, 332 N.W.2d 744 (1983) (refusing to "to extend exceptions to the guilty-plea-waiver rule beyond the one legislatively provided").

¶8     Similarly, we have stated that, "by its express terms, this statute excepts only motions to suppress evidence and motions challenging the admissibility of a defendant's statement." *See* **State v. Nelson**, 108 Wis. 2d 698, 702, 324 N.W.2d 292 (Ct. App. 1982).  We have further stated that the exception "is in derogation of common law and must be strictly construed." **County of Racine v. Smith**, 122 Wis. 2d 431, 435, 362 N.W.2d 439 (Ct. App. 1984).

¶9     Carter presents no authority that would allow us to depart from the seemingly bright line rule established in this case law and extend the statutory exception to a motion to exclude eyewitness identification evidence.  Accordingly, we decline to apply the exception here, and we instead apply the guilty plea waiver rule to affirm Carter's conviction.

        *By the Court.*—Judgment and order affirmed.

        This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)5.